RYDER, Judge.
The restaurant Count Phillippe Inn was burglarized on October 27, 1979 and again on the morning of October 28, 1979. Mr. Everling, the owner of the restaurant, while inside the premises on October 28, without lights and before the sun had risen, observed an individual run from the building. He described the person to the police as a “white male, thin build, approximately 5'10" to 5'11", weight unknown, approximately twenty to twenty-two years with shoulder length blond hair.” The police already suspected appellant’s brother as one involved in the burglary on the 27th.
Detective Poe of the Pinellas County Sheriff’s Department prepared a photopak consisting of three photographs. One of the photographs was of appellant’s brother who at the time the picture was taken had very short hair. The second photograph depicted another white male also with short hair. The third picture was of appellant and depicted him with shoulder length light-colored hair. Detective Poe testified that the photopak was prepared and presented to Mr. Everling in his investigation of the October 27th burglary. However, he also testified appellant’s picture was included because it more closely resembled the description given by Mr. Everling with respect to the incident on the 28th. Mr. Everling selected the photograph of appellant as the person he believed he saw on the morning of the 28th.
Detective Poe then prepared a second photopak of five photographs. One of *324 those photographs was the same picture of appellant that Everling had earlier identified, however, in this instance, the police had cut out the head of the appellant, enlarged it, and pasted it onto a different background leaving a sort of corona effect around the likeness of appellant. The second photopak was displayed to Everling who again selected the photograph of appellant.
Appellant was charged by amended petition as a delinquent child. He moved to exclude the pretrial and any in-court identification by Mr. Everling on the ground that the photopaks were impermissibly suggestive and any in-court identification would be tainted thereby. The court, after a hearing, denied the motion.
At trial, the State’s sole witness was Mr. Everling who was allowed, over objection, to identify the appellant.
Appellant alleges the trial court’s denial of his motion to exclude the in-court identification was error. We agree and reverse for reasons herein given.
Identification procedures become impermissibly suggestive where the totality of the circumstances indicate that the identification resulting from the procedure is unreliable. State v. Sepulvado, 362 So.2d 324 (Fla.2d DCA 1978). Baxter v. State, 355 So.2d 1234 (Fla.2d DCA 1978). The first photopak presented to Mr. Everling consisted of three photographs, only one of which even vaguely resembled the description he had given the police. Such a procedure created a substantial risk of misidenti-fication and was therefore unreliable. The second presentation was, at best, no better, and perhaps worse.
Once a pretrial identification is found to be impermissibly suggestive, it is presumed that any in-court identification will be tainted and the burden shifts to the State to overcome the presumption by clear and convincing evidence. State v. Sepulvado, supra. The lower court erred in finding the pretrial identification procedure was not impermissibly suggestive. Accordingly, the appellant’s motion should have been granted and we must reverse and remand for new trial.
REVERSED and REMANDED for new trial.
HOBSON, Acting C. J., and DANAHY, J., concur.