422 So.2d 896 (1982)
Carroll LAURAMORE, Appellant,
v.
STATE of Florida, Appellee.
No. AF-442.
District Court of Appeal of Florida, First District.
August 25, 1982.
*897 Nancy A. Daniels, Asst. Public Defender and Gary Adel, Legal Intern, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
JOANOS, Judge.
Originally we affirmed the judgment and sentence in this case without opinion, 421 So.2d 520 (Fla.App. 1982). Appellant has petitioned this court for rehearing or certification, alleging that without a written opinion it is impossible to determine the reason for affirmance and whether a conflict has been created with decisions of another district court, specifically M.J.S. v. State, 386 So.2d 323 (Fla.2d DCA 1980), and State v. Sepulvado, 362 So.2d 324 (Fla.2d DCA 1978). Under the circumstances, it is appropriate to explicate the reasons for affirming the judgment and sentence.
The first issue presented was whether the trial court erred in admitting, over objection, the identification testimony of Kenneth Prate since that testimony was allegedly the result of a pre-trial identification procedure which, it is asserted, violated appellant's right to due process of law. Mr. Prate had been the victim of the robbery, and his home had been burglarized.
Several weeks after the robbery and burglary, Prate was taken to the county jail and was present when appellant appeared for a parole revocation hearing. On entering the room, Prate was introduced to the people in the room; the only person not identified by name was appellant. Prate was asked whether the person who robbed him was present in the room, and he replied affirmatively. Appellant's counsel, who was representing him in the parole revocation proceeding, was present and objected. Because of this incident, the defense filed a motion to suppress the out-of-court identification and any subsequent in-court identification by Mr. Prate. This motion was presented prior to trial and denied.
In evaluating the correctness of this ruling, we consider only the testimony presented during the suppression hearing and on which the trial court based its ruling; additional information brought up during testimony at trial could not have affected that ruling.
During the suppression hearing, Mr. Prate testified that he had not based his identification on the fact that appellant was in the room, but that he had recognized appellant when he first saw him, and when he first walked into the room he immediately knew who appellant was before any statement of any kind was made to him. In addition he said that the criminal incident had lasted about fifteen minutes, the lights were on in the house, the burglar was not masked, Prate had no trouble seeing him, he was doing things in the house that drew Prate's attention to him, and although the thought of later having to identify appellant never entered his mind, he made an effort to remember what appellant looked like. Before the close of the suppression hearing Mr. Prate was questioned with regard to his assessment of appellant's height as being slightly under six feet. Counsel asserted that appellant had been seated at the parole revocation hearing.
The pre-trial procedure used in this case in which Mr. Prate was brought to the parole hearing, introduced to everyone except appellant, and asked if the robber was present in the room was unnecessarily suggestive. To that extent we agree with appellant's argument. This answers only one *898 of several questions as to the alleged due process violation, however.
Our reading of the pertinent cases indicates that even if an out-of-court identification is determined to have been unnecessarily suggestive, eyewitness identification testimony will not be suppressed unless it was impermissibly suggestive, i.e., the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. In answering this question the totality of the circumstances must be considered. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). The relevant criteria are: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). See Grant v. State, 390 So.2d 341 (Fla. 1980) (dealing with suppression of an out-of-court identification); Adams v. State, 417 So.2d 826 (Fla. 1st DCA 1982) (dealing with suppression of both out-of-court identification and in-court identification). Considering all of the circumstances discussed above, while the pre-trial procedure was unnecessarily suggestive, under the totality of the circumstances it was not so suggestive as to create a very substantial likelihood of irreparable misidentification, i.e., it was not impermissibly suggestive. The trial court did not err in denying the motion to suppress.
Appellant suggests that this Court's decision may conflict with the decisions in M.J.S. v. State, 386 So.2d 323 (Fla.2d DCA 1980), and State v. Sepulvado, 362 So.2d 324 (Fla.2d DCA 1980). Those cases indicated that "[o]nce a pre-trial identification is found to be impermissibly suggestive, it is presumed that any in-court identification will be tainted and the burden shifts to the state to overcome the presumption by clear and convincing evidence." 386 So.2d at 324. Appellant vigorously argues that the State presented no proof whatsoever that Prate's in-court identification was based on an independent recollection of appellant and was not affected by the suggestive pre-trial procedure. Since we have determined that the procedure, while unnecessarily suggestive, was not impermissibly so, i.e., it did not create a substantial likelihood of irreparable misidentification, the ruling in this case does not conflict with M.J.S. and Sepulvado.
Appellant's second argument on appeal was that as the offenses of robbery and burglary were charged and proven, the robbery was a category four lesser included offense of the burglary. Appellant was charged with first degree burglary of the dwelling of the Prates with intent to commit robbery therein, and armed robbery of the Prates. The proof showed that he had committed unarmed (second degree) burglary and unarmed robbery. While it was necessary to the burglary, as charged and proven, to show intent to commit an offense within the dwelling, in this case intent to commit robbery, it was not necessary to prove the completed robbery. See Dowdell v. State, 415 So.2d 144 (Fla. 1st DCA 1982).
The motion for rehearing and certification is DENIED.
LARRY G. SMITH and THOMPSON, JJ., concur.