ANSTEAD, Chief Justice,
dissenting:
I would grant the state’s petition for certiorari and quash the order of the trial court barring the victim of an armed robbery from testifying in court as to the identity of the person who assaulted and robbed him.
The police, after locating the victim’s car which was taken during the course of the robbery, arrested the respondent when he entered the car and drove it to an alleyway where he started unloading it. The victim, who had been told that the car had been staked out, was then taken to the police station to view the person who was seized in possession of the car, to determine if it was the same person who had robbed him. Upon viewing the respondent through a one-way mirror, the victim immediately made an emphatically positive identification of the respondent. This identification took place some five hours after the actual robbery in which the victim had had an “eyeball to eyeball” confrontation with the robber sufficient to cause the victim to testify that he believed, based on that confrontation, that he would never forget the appearance of the robber.
Notwithstanding that the one-on-one identification of the respondent by the victim was unduly suggestive, I do not believe the victim’s identification testimony should be barred, since the victim had ample opportunity to view the robber at the time of the offense, gave an accurate description of the robber before the police station identification, and was absolutely certain of his ability to identify his assailant in his testimony before the trial court. Similar identifications have been approved. See State v. Freber, 366 So.2d 426 (Fla.1978); Lauramore v. State, 422 So.2d 896 (Fla. 1st DCA 1982); State v. Cromartie, 419 So.2d 757 (Fla. 1st DCA 1982); State v. Ciongoli, 313 So.2d 41 (Fla. 4th DCA 1975).. The fact that the victim identified his assailant under the circumstances set out above may be used to impeach his identification at trial or to lessen the weight of that identification, but it should not be used to totally exclude the identification.
*532 The ruling of the trial court is tantamount to a ruling that all such identifications, popularly referred to as “show-ups,” will bar a witness or victim from later identifying the alleged offender in court. This is directly contrary to Florida and federal law on the issue. In fact, the Florida Supreme Court has intimated that in some instances it would be illogical not to have a show-up:
It is true that a single photograph of Appellant was shown prosecutrix by the sheriff’s deputy, because she told him Appellant had revealed to her he had been jailed for raping another girl. Pursuant to this revelation, it is logical that the police would show prosecutrix a photograph of a suspect in another rape case who had been jailed as a lead in identifying and arresting the person suspected of committing the crime of rape upon the prosecutrix. Under these circumstances, it was not an abuse of due process rights to use the single photograph as a clue or lead in apprehending the rapist of prose-cutrix. In fact, it would be unreasonable to preclude the use of such a photograph for this pre-arrest purpose.
Chaney v. State, 267 So.2d 65, 69 (Fla.1972).
The question is not only whether an unduly suggestive identification procedure was used but whether, in addition, that procedure was so suggestive, when considered together with the evidence of the witness’ ability to identify the assailant based on his observation at the time of the offense, that it results in a substantial likelihood of an irreparable mistaken identification. Gaines v. State, 406 So.2d 523 (Fla. 4th DCA 1981); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Here, the evidence of the victim’s ability to make an identification from his personal confrontation with his assailant overwhelmingly indicates that there is little, if any, chance of a mistaken identification. The only predicate for finding that there will be a mistaken identification is the unduly suggestive “show-up,” a predicate insufficient of itself to support an order barring the victim’s identification.
I sympathize with the trial court’s attempt to fairly evaluate the victim’s testimony based upon the victim’s demeanor, etc., at the suppression hearing, but I do not believe that evaluation can substitute for the victim’s clear-cut testimony on the issue. I concede that I share in the victim’s certain amazement at the fact that he will not be allowed to identify the assailant who robbed him at gunpoint and then removed him from his car and left him bound and gagged, while the assailant fled in the victim’s car.