343 So.2d 289 (1977)
Norman DEUMITE
v.
WEST BANK CONTRACTORS et al.
No. 11104.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
Rehearing Denied March 21, 1977.
*290 William H. Cooper, Jr., of McKernan, Beychok, Cooper, Screen & Pierson, Baton Route, for plaintiff.
Gerald L. Walter, Jr., of Kantrow, Spaht, Weaver & Walter, Baton Rouge, for defendants.
Before LANDRY, COLE and CLAIBORNE, JJ.
LANDRY, Judge.
Plaintiff (Appellant), appeals from judgment rejecting his demands for damages for personal injuries and property losses sustained in an automobile accident. The mishap occurred when Appellant drove his vehicle into the rear of a pick up truck belonging to defendant West Bank Contractors (Contractor), which vehicle was being operated by Contractor's employee, Ann M. Guillory, within the scope of her employment. At the time of the accident, Contractor's truck was parked in the outside lane (on the West Baton Rouge Parish side) of the three eastbound lanes of the I-10 Mississippi River Bridge located at Baton Rouge. The trial court rejected Appellant's claims upon finding Appellant contributorily negligent. We affirm.
The accident happened at approximately 4:00 P.M. November 13, 1974, a clear, cool and dry, but very windy day. Mrs. Guillory was traveling easterly across the bridge during extremely heavy rush hour traffic. The vehicle she was driving was heavilyloaded with drums, tools and equipment belonging to Contractor, and also with clothing and household articles belonging to Mrs. Guillory. Mrs. Guillory was proceeding in the outside lane. When she neared the crest of the bridge a large 55 gallon drum was blown by the wind off the truck onto the roadway. Mrs. Guillory stopped the truck in the outside lane and attempted to retrieve the drum. A short time thereafter Appellant ran into the rear of the stopped truck.
The trial court found Mrs. Guillory negligent in stopping her vehicle on the heavily traveled bridge during a peak traffic hour. We concur in this determination. LSA-R.S. 32:141(A) provides that no motorist shall leave a vehicle parked, attended or unattended, outside a business or residential district, upon the traveled portion of a highway, when it is practical to stop or park off the traveled portion thereof. Violation of the cited statute is negligence per se and actionable if it bears causal relationship to an ensuing accident. Odom v. Texas Farm *291 Products Company, 229 So.2d 118 (La.App. 2nd Cir. 1969).
A motorist who parks on the traveled portion of a highway bears the burden of establishing the necessity to stop, where his stopping results in damage to another. Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970).
In this instance, Mrs. Guillory could not possibly stop off the traveled portion of the bridge since all lanes are for moving traffic. Her stopping under the circumstances was, nevertheless, unnecessary and dangerous. We deem her action imprudent and regard it as negligence.
Appellant's claim is predicated on the sudden emergency doctrine. He contends the trial court erred in finding him guilty of contributory negligence barring his recovery. Appellant testified he was proceeding in the inside eastbound bridge lane at a speed of approximately 50 miles per hour. As he neared the crest of the bridge he observed a pedestrian, (Mrs. Guillory), dash across the roadway about 100 yards ahead and get on the median to Appellant's immediate left. This unusual and unexpected development startled Appellant somewhat and he reacted by letting up on his accelerator and moving to his right into the center lane behind a van traveling ahead. Appellant then noted the pedestrian jump from the median back into the inside lane which Appellant had just vacated. Thinking the pedestrian was attempting to cross the bridge on foot, Appellant looked to his right, saw no overtaking traffic in the outside lane and immediately swerved into the outside lane on his right. He passed the van ahead and was then confronted with the parked pick up truck with which he collided before he could apply his brakes.
Mrs. Guillory denied that she was attempting to cross the bridge on foot just prior to the collision. She stated that just before the accident she was in the outside lane behind her parked truck waving a red flag or cloth as a warning to motorists. She also stated that the rear warning lights on her truck were in operation and that she had to jump out of the way of Appellant's vehicle to avoid being struck.
Appellant's testimony infers that he was not aware just exactly what was happening ahead but that he believed an emergency was about to occur. He contends his reaction was reasonable and prudent under the circumstances and he should therefore be exonerated from fault under the sudden emergency rule.
In essence the sudden emergency doctrine holds that one confronted with an emergency not of his own making, is not negligent if he fails to adopt what subsequently and upon reflection may appear to have been a better method of avoiding an accident. If the motorist thus confronted acts reasonably and prudently under the circumstances presented, he is absolved from blame even though his action does not avoid an accident. Snodgrass v. Centanni, 229 La. 915, 87 So.2d 127 (1956).
The degree of care required of a motorist changing lanes is provided for by LSA-R.S. 32:79(1) which states in effect that a lane change shall not be made until the driver first ascertains the change can be made safely.
We agree with the interpretation of LSA-R.S. 32:79(1) announced in Canzoneri v. Connecticut Fire Insurance Company of Hartford, 163 So.2d 834 (La.App. 4th Cir. 1964), which held that on a multiple lane highway, a greater burden of care is required of a motorist changing lanes than is demanded of a driver proceeding at a lawful speed in a straight line in a marked lane.
The trial court found Appellant contributorily negligent in failing to exercise greater caution and keep his vehicle under better control in view of the circumstances encountered. Specifically, the trial court held that, despite an apprehension of danger ahead, Appellant did not sufficiently reduce his speed and also that Appellant imprudently swerved not one but two lanes to the right to avoid a danger which Appellant could not see and did not fully appreciate.
*292 It is settled law that factual findings of the trier of fact will not be disturbed on appeal except in the event of a showing of manifest error. Appellate courts must give great weight to the factual findings of the trier of fact, and where there is conflict in testimony, evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court feels its own evaluations and inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
We find no manifest error and hence no reason to disturb the factual findings of the trial court.
The judgment is affirmed at Appellant's cost.
Affirmed.