375 So.2d 833 (1977)
William Lanay HARVARD, Appellant,
v.
STATE of Florida, Appellee.
No. 47052.
Supreme Court of Florida.
April 7, 1977.
Rehearing Denied November 2, 1978.
Certiorari Denied May 14, 1979.
Richard L. Jorandby, Public Defender, Bruce Zeidel and Craig S. Barnard and Jerry L. Schwarz, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin and Michael H. Davidson, Asst. Attys. Gen., for appellee.
Certiorari Denied May 14, 1979. See 99 S.Ct. 2185.
PER CURIAM.
This is an appeal from a conviction of murder in the first degree and a sentence of death. We have jurisdiction.[1]
Shortly after midnight on February 16, 1974, appellant William Lanay Harvard sat *834 in his car near Cocoa Beach and drank beer with a young friend, Ralph Baggett. A single-barrel, twelve-gauge shotgun lay in the back seat. Harvard had placed his car within view of the Sanspar Bar and was apparently waiting for his ex-wife Ann Bovard to leave the tavern. According to the testimony of Baggett, when Ann Bovard drove off alone in her car, appellant followed. They had driven in tandem for about eight miles when they approached the residential area in which the woman lived. Harvard ordered Baggett into the rear seat and pulled the shotgun into the front. For some reason, Ann Bovard slowed to a stop on the right shoulder of the road. With his right hand, Harvard placed the barrel of the shotgun in the open window of the passenger's door; with his left hand he steered the automobile tightly along the left side of Ann Bovard's car so that the weapon aimed directly at her throat. He yelled, "Bitch," and fired into her neck. Ann Bovard died of massive damage to the trachea, esophagus, right artery, and left jugular vein.
Harvard was indicted for murder in the first degree. At trial, the jury found him guilty as charged. In the separate sentence advisory proceeding, the jury recommended death.
The trial court ordered a presentence investigation. The trial judge, upon consideration of the report, the evidence presented at the trial and sentencing proceedings, determined that there were sufficient aggravating circumstances which outweighed the mitigating factors to justify the recommended sentence. The trial judge sentenced William Lanay Harvard to death, entering the formal judgment as required by Section 921.141(3), Florida Statutes. The judgment stated the facts on which the death sentence is based as follows:
"1. The capital felony in this case was especially heinous and atrocious in that the defendant had previously been married to the victim and a divorce had occurred and thereafter the defendant harassed and terrorized the victim by threatening her with harm and death without any provocation on the part of the victim. The accused premeditated and plotted her death and included in his plans provision for an alibi for himself; the defendant stalked the victim and pulled up beside her on a public street pointing a twelve gauge shotgun and discharging it at close range directly into the neck of the victim.
"2. The defendant has previously been married to another woman and on one occasion had assaulted that wife with a firearm knocking her to the ground and discharging a pistol into her head while standing over her; that first wife did not die, the defendant was convicted of Aggravated Assault.
"3. The defendant testified in the separate sentencing proceeding, and his attitude, appearance and demeanor was that of a person cold, calculating and without remorse."
Appellant urges reversal of his conviction of first degree murder on three grounds. First, he contends that there was insufficient evidence to support a finding of premeditation; second, he contends that it was reversible error for the trial court to refuse to instruct the jury on aggravated assault as a lesser included offense; and third, he contends that it was reversible error for the state to make certain remarks during the closing arguments. We have searched appellant's arguments for merit, but have found none. The conviction is affirmed.
When the sentence of death has been imposed, it is this Court's responsibility to evaluate anew the aggravating and mitigating circumstances of the case to determine whether the punishment is appropriate. State v. Dixon, 283 So.2d 1 (Fla. 1973). We must also ensure that punishment for murder is evenly applied so that similar homicides will draw similar penalties.
The aggravating circumstances include the following. Appellant has previously been convicted of a felony involving violence against a person. That conviction resulted from appellant's attempted murder of another former wife. In that prior incident, *835 the appellant forcibly entered the woman's home and, in front of the children, threw her to the floor, placed his right foot on her back, and fired a twenty-two pistol into her head. Miraculously, she lived.
In the instant case, appellant again demonstrated his propensity toward calculated homicide in the killing of Ann Bovard. The murder was the final, deliberate stroke in appellant's campaign of terror against his ex-wife. He sought her out in the early morning hours, stalked her in the dark, and then in cold blood killed her with a shotgun at close range.
The record discloses no mitigating factors recognized by the statute. The total circumstances established the murder as a cold-blooded execution. The jury and the judge both found the aggravating circumstances sufficient to warrant death. We agree.
The conviction and sentence are affirmed.
It is so ordered.
*836 OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG and ROBERTS (Retired), JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
HATCHETT, J., concurs in part and dissents in part with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
I concur in affirmance of the conviction of the appellant, but dissent to imposition of the death penalty.
The law requires that similar punishment be given for similar crimes. Just as four members of the jury who voted against an advisory sentence of death, I feel application of the death penalty is inappropriate after weighing the aggravating and mitigating circumstances as required under Section 921.141, Florida Statutes. I would direct the trial court to enter a sentence of life imprisonment without consideration of parole for a minimum of twenty-five years.
HATCHETT, Justice, concurring in part and dissenting in part.
I join in affirmance of the conviction but dissent as to the imposition of the death penalty.

ORDER
Pursuant to the dictates of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), this Court directed the trial judge who imposed the death sentence in this case to advise the Court whether he imposed the death sentence in consideration of any information not known to appellant. His response states that he considered a confidential portion of the pre-sentence investigation report, and information furnished by the United States Marine Corps as to the defendant's military record, attached to the confidential evaluation, and that neither was furnished to counsel for the state or the defendant prior to sentencing.
Before the trial judge responded to our Gardner order, counsel for appellant filed a petition for rehearing, alleging various matters relating to appellant's conviction and sentence, and application for Gardner relief. The state has filed a response to the petition for rehearing.
On consideration of appellant's petition and the trial court's response to our Gardner order, and pursuant to the decision of the United States Supreme Court in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), rehearing is denied but the sentence of death in this cause is vacated. The case is remanded to the trial court for resentencing, without the necessity of convening an advisory jury, but with directions to provide counsel for the state and the defendant an opportunity to explain, contradict, and argue regarding the relevance, materiality, and import of the confidential information and military history, as well as other matters properly considered by the trial court concerning appellant's sentence under Section 921.141, Florida Statutes (1977).
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.