414 So.2d 185 (1982)
Kenneth Darcell QUINCE, Appellant,
v.
STATE of Florida, Appellee.
No. 59954.
Supreme Court of Florida.
March 4, 1982.
Rehearing Denied May 27, 1982.
*186 James B. Gibson, Public Defender and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender of the Seventh Judicial Circuit, Daytona Beach, for appellant.
Jim Smith, Atty. Gen. and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This is a direct appeal from conviction of felony-murder in the first degree and burglary predicated on guilty pleas, and a sentence of death imposed by the trial court alone due to defendant's waiver of a sentencing jury. Art. V, § 3(b)(1), Fla. Const. Our sole task is to review the propriety of the death sentence.
In December of 1979, the body of an eighty-two year old woman dressed in a bloodstained nightgown was found lying on the floor of her bedroom. She had bruises on her forearm and under her ear, a small abrasion on her pelvis, and lacerations on her head, which were severe enough to cause death. She was sexually assaulted while alive, but the medical examiner could not determine whether the victim was conscious or unconscious during the battery. Strangulation was the cause of death.
Based upon a fingerprint identification, appellant was arrested. Although he initially denied knowledge of the incident, he later confessed to the burglary. He also admitted to stepping on the victim's stomach before leaving her house. A month later, when faced with laboratory test results, he admitted that he sexually assaulted the deceased. The grand jury returned an indictment charging the appellant with first-degree murder, burglary, and sexual battery.[1]
Pursuant to plea negotiations, appellant waived the right to a sentencing jury. After hearing and weighing the evidence, the trial judge imposed the death sentence, finding the existence of three aggravating circumstances: 1) the murder was committed during the commission of a rape; 2) the murder was committed for pecuniary gain; and 3) the murder was heinous. He considered and rejected all but one mitigating factor: appellant's inability to appreciate the criminality of his conduct. Due to the conflicting evidence, however, he decided that this factor deserved little weight.
We address first appellant's most forceful argument, in which he asserts that the trial judge erred in giving only little weight to the sole mitigating factor found, substantial impairment of capacity to appreciate the criminality of his act or to conform his conduct to the law.[2] The trial judge noted in his sentencing order, and the record supports, that although the experts agreed that Quince was not of normal intelligence, the exact degree of mental impairment could not be conclusively established. Four of the five experts that examined Quince found his mental condition did not warrant application of mitigating factors concerned with mental capacity. The fifth expert found Quince lacked the ability to appreciate the criminality of his acts, and compared his mental abilities to those of an eleven-year old. But age equivalency as an expression of Quince's mental ability was sharply questioned by one expert, and essentially rejected by another. The consensus seems to have been that Quince was of dull normal or borderline intelligence, but was not mentally retarded. No expert had found Quince incompetent to stand trial.
*187 We are well aware that a defendant may be competent to stand trial, yet nevertheless receive the benefit of the mitigating factors involving diminished mental capacity. See Mines v. State, 390 So.2d 332, 337 (Fla. 1980), cert. denied, 451 U.S. 916, 101 S.Ct. 1994, 68 L.Ed.2d 308 (1981). But we do not interpret Mines to require any more from a trial judge than that he give due consideration and weight to these factors in his sentence. Here the trial judge recognized the "substantial impairment" mitigating factor, but found that it did not outweigh the three aggravating factors.
This is not a case in which a jury has rendered a recommendation of life based on evidence of mental incapacity and the trial judge has rejected such a recommendation. See, e.g., Neary v. State, 384 So.2d 881 (Fla. 1980); Shue v. State, 366 So.2d 387 (Fla. 1978); Jones v. State, 332 So.2d 615 (Fla. 1976). All of these cases are based on the rationale that the jury's recommendation can only be rejected for a compelling reason, because the jury represents "the conscience and mores of the community in which the crimes were committed." Jones, 332 So.2d at 622 (Sundberg, J., concurring). This is not a case in which the trial judge failed entirely to take the defendant's mental condition into account. See Mines. The trial judge demonstrated in his sentencing order his close consideration of this very factor. Nor is this a case in which the trial judge considered matters he should not have.
Rather, this is a case in which the appellant disagrees with the weight that the trial judge accorded the mitigating factor. But mere disagreement with the force to be given such evidence is an insufficient basis for challenging a sentence. See Hargrave v. State, 366 So.2d 1 (Fla. 1978), cert. denied, 444 U.S. 919, 100 S.Ct. 239, 62 L.Ed.2d 176 (1979).
Neither of our sentence review functions, it will be noted, involves weighing or reevaluating the evidence adduced to establish aggravating and mitigating circumstances. Our sole concern on evidentiary matters is to determine whether there was sufficient competent evidence in the record from which the judge and jury could properly find the presence of appropriate aggravating or mitigating circumstances. If the findings of aggravating and mitigating circumstances are so supported, if the jury's recommendation was not unreasonably rejected, and if the death sentence is not disproportionate to others properly sustainable under the statute, the trial court's sentence must be sustained even though, had we been triers and weighers of fact, we might have reached a different result in an independent evaluation.
Brown v. Wainwright, 392 So.2d 1327, 1331 (Fla. 1981), cert. denied, ___ U.S. ___, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981) (footnote omitted). The trial judge was not unreasonable in failing to give great weight to this mitigating factor, which he nevertheless did find to exist, in the light of contradictory evidence. The trial judge clearly did not ignore every aspect of the medical testimony as the judge did in Huckaby v. State, 343 So.2d 29 (Fla.), cert. denied, 434 U.S. 920, 98 S.Ct. 393, 54 L.Ed.2d 276 (1977).[3]
Appellant further assails the sentence on sundry grounds. He claims the murder was not heinous. We believe that the severe beating, wounding, raping, and manual strangulation of an eighty-two year old, frail woman easily qualified as heinous. Cf. Peek v. State, 395 So.2d 492 (Fla. 1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981) (beating, rape and strangulation of sixty-five year old woman is heinous). He next asserts that the underlying felony of sexual battery may not be used in aggravation. Florida's death penalty statute clearly allows the use of the underlying felony in aggravation, and that statute is constitutional. See Proffitt v. *188 Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). Appellant contends that there was an improper doubling of aggravating circumstances when the judge found that the homicide was committed during a rape and was committed for pecuniary gain,[4] and then used these facts as parts of his heinous finding. But doubling has been disallowed when the underlying felony is robbery or burglary and is considered in addition to the aggravating factor of "committed for pecuniary gain." See Provence v. State, 337 So.2d 783 (Fla. 1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1977). Appellant argues an improper consideration of nonstatutory aggravating factors when evidence was given concerning likelihood of rehabilitation and lack of remorse. But neither of these factors were considered in aggravation by the judge in his sentencing order and were accorded no weight in the sentencing process.
Quince complains that certain additional factors should have been found in mitigation. He posits that because his record of past offenses is a juvenile record and too remote, he should have been found to have no significant prior criminal history. This Court has allowed juvenile records to dispel this mitigating circumstance when the circumstances warrant. See Brooker v. State, 397 So.2d 910 (Fla. 1981). These juvenile offenses were not trivial, and included armed robbery and burglary. Quince pleads that his age of twenty years is a mitigating factor. Yet, as we stated in Peek v. State, there is no per se rule that pinpoints an age as a mitigating factor. Id. at 498. Peek in fact upheld the rejection of the age of nineteen as a mitigating factor. Nor does the record support appellant's claim that the trial judge limited his consideration to only statutory mitigating circumstances.
Quince finally assails the formalities of the sentencing procedure. He complains that the state was permitted two closing arguments in violation of Florida Rule of Criminal Procedure 3.780(c).[5] The record establishes, however, that both sides had an equal opportunity for argument. The appellant did not make a definite objection to the allowance of two arguments for both sides, and therefore waived this error. See Clark v. State, 363 So.2d 331 (Fla. 1978); State v. Jones, 204 So.2d 515 (Fla. 1967).
Quince's final argument is that a general sentence was improperly imposed on him for two separate offenses, violating the dictates of Dorfman v. State, 351 So.2d 954 (Fla. 1977). General sentences are also prohibited by statute. § 775.021(4), Fla. Stat. (1979). Although appellant is technically quite correct in asserting the trial judge was in error in imposing such a general sentence, and we must disapprove the practice, we cannot say that Quince's sentence is similar to that involved in Dorfman. The death sentence Quince received could only have been imposed for the murder he committed, not for the burglary. If we had vacated the murder conviction, the death sentence would necessarily have fallen. Thus, we face none of the "inscrutability" created by the general sentence in Dorfman. Id. at 957. Second, since death is deemed the proper penalty, concerns that a general sentence interferes with the rehabilitative process are moot. See Dorfman, 351 So.2d at 955 n. 7. We fail to see the harm caused to appellant by this error since he stands only to lose on resentencing, in light of our approval of the death penalty.
Although each murder conviction and death sentence presents amazingly unique circumstances, we find that death is the justifiable punishment in light of the existence of three aggravating factors and one mitigating factor, and that such a heavy penalty is proportionate to those meted out in similar cases. See, e.g., Brooker v. State; McCrae v. State, 395 So.2d 1145 (Fla. 1980); Peek v. State.
*189 Accordingly, the sentence of death is approved.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] The sexual battery charge was later dismissed because it was the underlying felony to the felony-murder offense.
[2] § 921.141(6)(f), Fla. Stat. (1979).
[3] Huckaby v. State also differs from the present case because the capital crime was rape of a child, for which imposition of death has since been declared unconstitutional. Buford v. State, 403 So.2d 943 (Fla. 1981). There was also overwhelming evidence of defendant's mental illness in Huckaby.
[4] The appellant confessed both to the burglary and rape of the victim, and could hardly contest that these factors did not exist beyond a reasonable doubt.
[5] "Both the state and the defendant will be given an equal opportunity for argument, each being allowed one argument. The state will present argument first."