fendant from being retried for an offense of which he has been acquitted, it should also protect him from being resentenced to death on the basis of an aggravating circumstance that a jury previously found inapplicable. The court concluded that the Double Jeopardy Clause, therefore, precludes the State from relying, at a new sentencing hearing, on an aggravating circumstance that the jury found inapplicable at the first sentencing hearing.

In *Bullington* this Court made clear that double jeopardy principles which apply to determinations of guilt or innocence also apply to capital sentencing proceedings at which the prosecution must prove the existence of statutory aggravating circumstances. *Bullington* did not address whether and to what extent the Double Jeopardy Clause precludes a second effort to prove an aggravating circumstance that the State failed to prove in a prior proceeding. There is disagreement on this question in the state courts, and the question is sufficiently important to warrant this Court's review.

No. 82–67. CHAPMAN *v.* CARDARELLI ET AL. C. A. 6th Cir. Certiorari denied. JUSTICE BRENNAN and JUSTICE MARSHALL would grant the petition for writ of certiorari and vacate the conviction.

No. 82–106. GLEN CORP. ET AL. *v.* O.C. ASSOCIATES ET AL. C. A. 1st Cir. Motion of Continental Mortgage Investors, Debtor, for leave to file a brief as *amicus curiae* granted. Certiorari denied.

No. 82–125. CHANCELLOR ET AL. *v.* SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ORANGE (BAKER, REAL PARTY IN INTEREST). Ct. App. Cal., 4th App. Dist. Motion of respondent Mark Jay Baker for leave to proceed *in forma pauperis* granted. Certiorari denied.

No. 82–200. WIDGERY *v.* UNITED STATES. C. A. 8th Cir. Motion of petitioner to defer consideration of the peti-