No. 82–5096.    QUINCE *v*. FLORIDA.    Sup. Ct. Fla.    Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that capital punishment is unconstitutional under all circumstances, I would grant certiorari and vacate the death sentence on this basis alone.    However, even if I believed that the death penalty could constitutionally be imposed under certain circumstances, I would grant certiorari because the decision below undermines a critical premise of this Court's conclusion that Florida's capital sentencing procedures adequately guard against the "arbitrary or capricious" imposition of death sentences.    *Proffitt* v. *Florida*, 428 U. S. 242, 253 (1976) (opinion of Stewart, POWELL, and STEVENS, JJ.).

Petitioner pleaded guilty to burglary and felony murder in the first degree.    As part of the plea bargain, petitioner waived his right to a sentencing recommendation by a jury and agreed that the sentence would be determined solely by the trial judge.    After conducting a sentencing hearing, the judge found three aggravating circumstances and one mitigating circumstance.    The judge found as aggravating circumstances that the murder was heinous, that it was committed for pecuniary gain, and that it was committed during the commission of a rape.    He found as a mitigating circumstance that "[t]he capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired."    Fla. Stat. § 921.141(6)(f) (1981).    The judge concluded, however, that this mitigating circumstance was "not entitled to a great deal of weight," and was outweighed by the aggravating circumstances.    Accordingly, he imposed the death sentence.    Petitioner appealed to the Florida Supreme Court, contending

that the trial court erred in giving too little weight to the mitigating circumstance.

In its decision affirming the death sentence, the Florida Supreme Court declined to make an independent evaluation of the evidence concerning aggravating and mitigating circumstances. The court explained that its statutory duty to review death sentences does not require it to make such an evaluation:

> "'Our sole concern on evidentiary matters is to determine whether there was sufficient competent evidence in the record from which the judge . . . could properly find the presence of appropriate aggravating or mitigating circumstances. If the findings of aggravating and mitigating circumstances are so supported, . . . and if the death sentence is not disproportionate to others properly sustainable under the statute, the trial court's sentence must be sustained even though, had we been triers and weighers of fact, we might have reached a different result in an independent evaluation.'" 414 So. 2d 185, 187 (1982), quoting *Brown* v. *Wainwright*, 392 So. 2d 1327, 1331 (Fla.) (footnote omitted), cert. denied, 454 U. S. 1000 (1981).

Applying its deferential standard of review, the court affirmed the death sentence on the ground that "[t]he trial judge was not unreasonable in failing to give great weight" to petitioner's diminished capacity. 414 So. 2d, at 187. In the court's view it was significant that "[t]he trial judge clearly did not ignore every aspect of the medical testimony as the judge did in *Huckaby* v. *State*, 343 So. 2d 291 (Fla.), *cert. denied*, 434 U. S. 920 . . . (1977)." *Ibid.*

The decision below undermines a fundamental premise of this Court's decision in *Proffitt* v. *Florida* upholding Florida's death penalty statute. The Florida statute, which was enacted in response to *Furman* v. *Georgia*, 408 U. S. 238 (1972), provides for automatic review by the Florida Supreme Court of all death sentences. Fla. Stat. § 921.141(4)

(1981). In rejecting a constitutional challenge to the statute, this Court assumed in *Proffitt* that the Florida Supreme Court's obligation to review death sentences encompasses two functions.[1] First, death sentences must be reviewed "to ensure that similar results are reached in similar cases." 428 U. S., at 258 (opinion of Stewart, POWELL, and STEVENS, JJ.); see also *id.*, at 251, 253 (same). In addition,

> "the evidence of the aggravating and mitigating circumstances is *reviewed and reweighed* by the Supreme Court of Florida 'to determine *independently* whether the imposition of the ultimate penalty is warranted.' *Songer* v. *State*, 322 So. 2d 481, 484 (1975). See also *Sullivan* v. *State*, 303 So. 2d 632, 637 (1974)." *Id.*, at 253 (same) (emphasis added).

On the basis of this understanding of the Florida Supreme Court's duty to review death sentences, this Court concluded that the risk of "arbitrary or capricious" imposition of death sentences was "minimized by Florida's appellate review system." *Ibid.*[2] The Florida Supreme Court subsequently confirmed this Court's understanding of the standard of review when it stated that its "responsibility [is] to *evaluate anew* the aggravating and mitigating circumstances of the case to determine whether the punishment is appropriate."

---

[1] Since the statute does not specify the standard of review, the Court relied in *Proffitt* on Florida Supreme Court decisions interpreting and applying the mandatory review provision.

[2] There can be little doubt that the joint opinion of Justices Stewart, POWELL, and STEVENS placed particular emphasis on the independent evidentiary review performed by the Florida Supreme Court. The opinion stresses that the Florida Supreme Court "has not hesitated to vacate a death sentence when it has determined that the sentence should not have been imposed." 428 U. S., at 253. In one of the cases cited in support of this assertion, *Halliwell* v. *State*, 323 So. 2d 557, 561 (1975), the Florida Supreme Court stated: "As required by statute, we have *weighed* both the aggravating and the mitigating circumstances as shown in the record, and we conclude that the death penalty is not warranted." (Emphasis added.)

*Harvard* v. *State*, 375 So. 2d 833, 834 (1977) (emphasis added), cert. denied, 441 U. S. 956 (1979).

This is no longer a correct statement of Florida law. The decision below indicates that the Florida Supreme Court now employs a far more restricted standard of review in capital cases. So long as "sufficient competent evidence," 414 So. 2d, at 187, supports the death sentence, the Florida Supreme Court will uphold the sentence even if its "independent evaluation" would "have reached a different result." *Ibid.*

In light of the Florida Supreme Court's abandonment of its previously recognized duty to make an independent determination of whether a death sentence is warranted, the constitutionality of the Florida death penalty statute should be reappraised by this Court. It is simply no longer the case that "evidence of the aggravating and mitigating circumstances is reviewed and reweighed by the Supreme Court of Florida 'to determine independently whether the imposition of the ultimate penalty is warranted.'" 428 U. S., at 253 (opinion of Stewart, POWELL, and STEVENS, JJ.) (citation omitted). Therefore, even if I believed that the death penalty could constitutionally be imposed under certain conditions, I would grant certiorari to decide whether Florida's death penalty statute, as reinterpreted by the Florida Supreme Court, "serves to assure that sentences of death will not be 'wantonly' or 'freakishly' imposed." *Id.*, at 260, quoting *Furman* v. *Georgia, supra,* at 310 (Stewart, J., concurring).