435 So.2d 809 (1983)
William Riley JENT, Appellant,
v.
STATE of Florida, Appellee.
No. 63957.
Supreme Court of Florida.
July 18, 1983.
Eleanor Jackson Piel, New York City, for appellant.
Jim Smith, Atty. Gen., and Michael J. Kotler and M. Ann Garrison, Asst. Attys. Gen., Tampa, for appellee.
PER CURIAM.
Jent appeals the denial of his motion,[*] filed pursuant to Florida Rule of Criminal *810 Procedure 3.850, to vacate, set aside, or correct conviction and sentence. We have jurisdiction and affirm the denial and deny his application for stay of execution.
A jury convicted Jent of first-degree murder, and the trial judge sentenced him to death. We affirmed both the conviction and sentence. Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982). The governor signed Jent's death warrant on June 23, 1983. Jent then filed the motion which is the subject of this appeal.
On appeal Jent urges that (1) the trial court erred by (a) failing to hold an evidentiary hearing regarding prosecutorial misconduct and (b) failed to find Jent's trial counsel ineffective; (2) Jent's original counsel's representation of another person violated Jent's sixth amendment rights; and (3) unseemly haste to execution has denied him due process. We find no error in the trial court proceeding.
The portion of the motion concerned with prosecutorial misconduct deals with the motion for new trial. In denying relief on that claim the court held that the issue had been presented and considered on direct appeal. We find no error in the court's failure to grant an evidentiary hearing. The purpose and reasons for the witnesses' recantations were developed at the hearing on the motion for new trial and the testimony was subjected to cross-examination. Jent now alleges a different type of coercion from that urged on direct appeal, but the record affirmatively shows a competent basis for the trial court's ruling.
Jent alleges his trial counsel was ineffective in the following respects: (1) failure to secure an independent medical examiner; (2) failure to investigate the eyewitnesses' backgrounds; (3) failure to secure an independent expert on hair analysis; (4) failure to find character witnesses other than family; (5) failure to object to two instructions; and (6) ineffectiveness due to interference by the prosecutor. Several of these alleged failings have their basis in points considered on direct appeal where this Court found no error to have occurred (impeachment of eyewitnesses, hair analysis, instructions). We agree with the trial court that Jent has failed to demonstrate any substantial and serious deficiency on his counsel's part. Knight v. State, 394 So.2d 997 (Fla. 1981). Moreover, regarding Jent's claim on his original counsel, we also agree with the court's ruling that counsel immediately recognized the possibility of a conflict and sought and received permission to withdraw. Jent has shown no prejudice to him or impropriety in what happened.
As his final point, Jent complains both that the state has acted with unseemly haste in setting his execution and that the trial court acted with undue slowness in dismissing his first 3.850 motion. We find no merit to this claim. This Court issued its opinion affirming his conviction and sentence on December 3, 1981, and the United States Supreme Court denied certiorari on June 7, 1982. Over one full year, therefore, passed before the signing of his death warrant. This is not unseemly haste, and we do not find any state action in this case to have been arbitrary or capricious.
Accordingly, we affirm the trial court's denial of Jent's motions to vacate and for stay of execution. No motion for rehearing will be allowed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.

APPENDIX

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT OF THE STATE
 OF FLORIDA IN AND FOR PASCO COUNTY
 CF79-847
STATE OF FLORIDA :
 vs :
WILLIAM RILEY JENT; :
EARNEST LEE MILLER
_______________________:
*811 ORDER DENYING MOTIONS TO VACATE AND MOTIONS FOR STAY OF EXECUTION
 The defendants, WILLIAM RILEY JENT and EARNEST LEE MILLER, were
each adjudicated guilty and sentenced to death for first degree
murder by this court on February 20, 1980. They are now back
before this court on motions of each defendant to vacate and set
aside those judgments and sentences pursuant to Rule 3.850,
Fla.R. Crim.P. This court previously denied portions of these
motions for post-conviction relief because the files and records
showed conclusively that the defendants were entitled to no
relief. A hearing was held before the court on July 12, 1983, on
the remaining portions of these motions which allege ineffective
assistance of counsel. At that hearing the defendants were each
present with their respective attorneys.
 At the hearing, the court denied motions by both defendants to
amend their respective motions. The reason for the denial was
because of the untimeliness of those motions to amend. The
amendments proposed by each defendant to his motion were
therefore not considered by this court. This court did, however,
allow each defendant to adopt those portions of the other's
original motion for post-conviction relief which are applicable
and beneficial.
 At the beginning of the post-conviction relief hearing, counsel
for Mr. Miller abandoned his allegation that Mr. Miller's trial
counsel insufficiently investigated and presented at trial an
alibi defense. The reason given for this abandonment was that the
potential alibi witness, Samantha Carver, had disappeared and
efforts by his attorney and his friends to locate her were
fruitless.
 At the conclusion of the post-conviction relief hearing,
counsel for Mr. Miller argued that the record in the case and the
evidence presented during this hearing demonstrates conclusively
that Mr. Miller received ineffective assistance of counsel in the
following respects:
 (1) Trial counsel failed to obtain an independent forensic
pathologist to both testify as to the cause of death and to
educate trial counsel in the science of forensic pathology. Trial
counsel also failed to otherwise adequately educate himself in
the science of forensic pathology, and was therefore unprepared
to challenge the competency of or to adequately cross-examine the
medical examiner who testified for the state.
 (2) Trial counsel failed to pursue his motion for funds to hire
a private investigator or to adequately conduct his own
investigation into the background of the state's witnesses and
was therefore insufficiently prepared to cross-examine several of
the state's witnesses.
 (3) Trial counsel failed to rebut the testimony of certain
"jail house" confessions presented by the state.
 Counsel for Mr. Jent adopted the arguments by Miller's counsel
and further argued as follows:
 (4) Trial counsel failed to consult experts in forensic
pathology, hair analysis and comparison, or psychology or
psychiatry and was therefore inadequately prepared to
cross-examine the state's expert and lay witnesses or to
otherwise rebut the state's evidence.
 (5) Trial counsel failed to insist on proper instructions by
the court to the jury on the charge of sexual battery underlying
the charge of felony murder or on the consideration of mitigating
circumstances other than those prescribed in § 921.141, Florida
Statutes.
 (6) Trial counsel failed to adequately investigate or present
any mitigating circumstances at the sentencing phase of the
trial.
 (7) Trial counsel failed to adequately prepare himself to
discredit the testimony of eye-witnesses presented by the state
and in particular, Glenna Frye, and more particularly her
testimony about the sexual battery and the burning episode.
 (8) Trial counsel representing Jent was burdened with a
conflict of interest because he also represented a witness named
Boone.
 The law the court must follow in deciding these claims of
ineffective assistance of trial
*812 counsel is found in the opinion of the Florida Supreme Court in
the case of Knight v. State, 394 So.2d 997 (Fla. 1981). That
law is:
 A. "(T)he defendant has the burden to show that . .
 . (each) specific omission or overt act was a
 substantial and serious deficiency measurably below
 that of competent counsel ... . `to be "below
 average" is not enough, for that is self evidently
 the case half the time. The standard of shortfall is
 necessarily subjective, but it cannot be established
 merely by showing that counsel's acts or omissions
 deviated from a checklist of standards.' ... We
 recognize that in applying this standard, death
 penalty cases are different, and consequently the
 performance of counsel must be judged in light of
 these circumstances."
 B. "(T)he defendant has the burden to show that
 this specific, serious deficiency, when considered
 under the circumstances of the individual case, was
 substantial enough to demonstrate a prejudice to the
 defendant to the extent that there is a likelihood
 that the deficient conduct affected the outcome of
 the court proceeding." (at 1001).
 After considering the evidence presented at the post-conviction
relief hearing, the files and record in the case, and the
arguments of counsel, the court finds as follows:
 1. Defendants failed to show that trial counsels' failure to
consult or obtain an independent forensic pathology expert was
substantial or serious deficiency measurably below that of
competent counsel or that when considered under the circumstances
of these cases was substantial enough to demonstrate a prejudice
to the respective defendants to the extent that there is a
likelihood that the failure affected the outcome of the court
proceedings.
 The defendants presented testimony by Dr. Ronald K. Wright, an
eminent expert in the field of forensic pathology. Dr. Wright
testified that after reviewing the medical examiner's report,
some poor photographs of the victim, the testimony of the medical
examiner given at trial and at her pre-trial deposition, and
after examining and dissecting the preserved larynx of the
victim, it was his opinion that the victim was dead when
immolated. He candidly recognized that competent forensic
pathologists may have opinions different from his on the same
facts. He had no opinion on any other aspect of the case except
the credentials of the medical examiner.
 In fact, the medical examiner testified at both trials that it
was also her opinion that this victim was unconscious and beyond
sensitivity to pain when immolated.
 In addition, both trial counsel testified that they considered
the medical examiner's testimony on this point beneficial to
their respective clients and were tactically fearful that another
forensic pathologist might reach the opinion that the victim was
indeed alive at the time of her immolation.
 Furthermore, there was no showing that testimony by Dr. Wright
at the trial would have affected the outcome of either the jury
verdicts or the sentence.
 2. Defendant failed to show that trial counsel were ineffective
in pursuing their motions for funds to hire an investigator or to
conduct effective investigation themselves. In fact, the
pre-trial depositions and the trial transcript show conclusively
that both trial counsel were well prepared and far above average
in their cross-examination of all of the eye-witnesses.
 3. Defendants failed to show that the failure of trial counsel
to present evidence to rebut the testimony about the "jail house"
confessions was anything but good tactical decisions.
 4. Defendants failed to show that trial counsels' failure to
consult experts in hair analysis and comparison or psychology was
a deficit or caused any prejudice.
 5. The Florida Supreme Court has already found that the failure
of the trial court to instruct the jury on the underlying felony
of sexual battery caused the defendants no prejudice. Jent v.
State, 408 So.2d 1024 (Fla. 1981). So it is difficult to see how
the trial counsels' failure to ask for such instruction could be
prejudicial, and the defendants
*813 have failed to make such showing on this motion.
 6. Defendants have failed to show any inadequacy of trial
counsel in the investigation or presentation of mitigating
circumstances at the sentencing phase of the respective trials.
 7. Defendants have failed to show any inadequacy of either
trial counsel in the preparation for cross-examination of any
witness or in the cross-examination itself. In fact, the record
and file in this case demonstrate extensive preparation by trial
counsel for cross-examination. The transcript of the trial
testimony in both cases demonstrates text-book cross-examination
by trial counsel of all witnesses.
 8. Mr. Jent has failed to show any conflict of interest of any
trial counsel that causes him prejudice. The record reflects that
a member of the Public Defender's Office, Mr. Jack Hoogewind,
represented him originally. When the state listed a Mr. Boone as
a witness, Mr. Hoogewind immediately recognized that he had a
conflict because he and other members of his office also
represented Mr. Boone. Mr. Hoogewind appears to have immediately
moved to withdraw from his representation of Mr. Jent. His motion
was granted and Mr. Holton then appointed to represent Mr. Jent.
That Mr. Holton then used some of the pre-trial work performed by
Mr. Hoogewind is not per se prejudicial and Jent has shown no
prejudice.
 This court was the trial judge at the trials of both of these
defendants and at many of the pre-trial hearings. The impression
of this court is that the competency of each of these trial
counsel was significantly above the norm for defense counsel in
general and for these attorneys specifically. It was obvious to
this court that both of these attorneys considered this matter to
be very serious business and conducted these trials in exemplary
fashion.
 It is therefore
 ADJUDGED that the Motions to Vacate pursuant to Rule 3.850,
Fla.R.Crim.P., filed and argued by each defendant are hereby
denied.
 Defendants are hereby informed that they have the right to
appeal this order within 30 days from its date.
 It is further
 ORDERED that the motions of both defendants for stays of
execution are hereby denied.
 DONE AND ORDERED in Chambers, Dade City, Pasco County, Florida,
this 13 day of July, 1983.
 /s/ Wayne L. Cobb
 WAYNE L. COBB,
 Circuit Judge

NOTES
[*] The trial court's order denying relief is set out as an appendix to this opinion.