477 So.2d 535 (1985)
Kenneth Darcell QUINCE, Appellant,
v.
STATE of Florida, Appellee.
No. 65407.
Supreme Court of Florida.
September 5, 1985.
Rehearing Denied November 19, 1985.
Robert G. Udell, Stuart and Russell F. Canan, Washington, D.C., for appellant.
Jim Smith, Atty. Gen. and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Appellant, Kenneth Quince, was indicted for the first-degree murder, burglary and sexual battery of an eighty-two year old woman. He pleaded guilty and was convicted of first-degree felony murder and burglary. He waived a sentencing jury, *536 and the trial court imposed the death sentence. This Court affirmed the imposition of the death penalty. Quince v. State, 414 So.2d 185 (Fla.), cert. denied, 459 U.S. 895, 103 S.Ct. 192, 74 L.Ed.2d 155 (1982). Appellant then filed a rule 3.850 motion for post-conviction relief in the circuit court. While the motion was pending, the Governor signed a death warrant. The circuit court granted appellant's motion for a stay of execution and subsequently granted his request for an evidentiary hearing on his 3.850 motion. After a lengthy hearing lasting four days, the circuit court denied the motion for post-conviction relief. Appellant appeals the circuit court's denial of his motion. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant first argues that he was deprived of his right to know and to contest the contents of his presentence investigation report (PSI) as required by Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). This issue is cognizable on direct appeal and therefore unavailable now. Moreover, the trial court believed defense counsel, who testified that he received the PSI shortly after it was issued and that he reviewed it with his client; the trial court did not believe appellant, who denied being shown the report.
As his next point, appellant argues that the trial court erred in allowing the state to introduce his prior juvenile adjudications at the sentencing hearing in order to negate the statutory mitigating factor of no significant history of prior criminal activity. He contends his convictions were invalid because they were obtained without a valid waiver of counsel. This issue was considered on direct appeal and was affirmed. Quince v. State, 414 So.2d at 188. Further, the use of a different argument to relitigate the same issue is inappropriate. Dobbert v. State, 456 So.2d 424 (Fla. 1984). Finally, although convictions are required to uphold the aggravating factor of conviction of another felony involving the use or threat of violence, we have held that convictions are not required to negate the above-mentioned mitigating factor. Washington v. State, 362 So.2d 658, 667 (Fla. 1978), cert. denied, 441 U.S. 937, 99 S.Ct. 2063, 60 L.Ed.2d 666 (1979).
Appellant's third point, citing Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), is that the trial court erred in allowing the state to introduce psychiatric evidence at sentencing because he was not given Miranda[1] warnings prior to submitting to the psychiatric examination. This issue also was cognizable on direct appeal. Moreover, when a defendant initiates a psychiatric examination and introduces testimony therefrom, he waives the right to claim a Miranda violation, absent a timely objection, when the state introduces psychiatric testimony at sentencing to negate a mitigating circumstance. Hargrave v. State, 427 So.2d 713 (Fla. 1983).
Appellant's fourth point, properly raised on a rule 3.850 motion, is that his trial counsel was ineffective at both phases of trial. To prevail, he must meet the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Id., 104 S.Ct. at 2064.
Appellant contends that counsel was ineffective in various respects, including: spending insufficient time conferring with appellant; not contacting friends and relatives; not attempting to suppress appellant's confessions; not demanding discovery; persuading appellant to plead *537 guilty and waive the right to an advisory sentencing jury; not researching the admissibility of appellant's juvenile records; not researching the applicability of the aggravating circumstances in a felony murder context in which the underlying felony is a sexual battery with a concomitant burglary; not adequately reviewing appellant's PSI with him and objecting to irrelevancies contained therein; not objecting to the state's introduction of psychiatric reports based on examinations administered without Miranda warnings; not calling various witnesses he might have called to adduce evidence of nonstatutory mitigating factors. As was the case in Jent v. State, 435 So.2d 809, 810 (Fla. 1983), "[s]everal of these alleged failings have their basis in points considered on direct appeal where this Court found no error to have occurred." In this case the choice as to whether to present certain mitigating evidence was a tactical decision within counsel's discretion. Compare with Brown v. State, 439 So.2d 872 (Fla. 1983). All of counsel's alleged deficiencies either are refuted by the record, involve tactical decisions, or involve actions not necessarily required of reasonably competent counsel.
In his order denying the 3.850 motion, the trial court stated: "This Court specifically finds there was no specific omission or overt act that was a substantial and serious deficiency, measurably below that of competent counsel. Given the totality of the circumstances, Mr. Pearl rendered reasonably effective counsel." We agree with the trial court. The record supports the conclusion that appellant has failed to meet the first part of the Strickland test.
Appellant argues that the death penalty in Florida is imposed in an arbitrary and discriminatory manner. We have rejected this argument. State v. Henry, 456 So.2d 466 (Fla. 1984); Dobbert.
Appellant's final argument is that he was denied a full and fair evidentiary hearing because the trial court refused to appoint certain experts and investigators. We reject this point. This claim is speculative and the trial court did not abuse its discretion in refusing to appoint experts. See Martin v. State, 455 So.2d 370 (Fla. 1984). Neither was appellant denied a full and fair hearing because the trial court did not grant counsel's motion for a second continuance.
The judgment of the trial court denying appellant's motion for post-conviction relief is affirmed.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).