592 So.2d 669 (1992)
Kenneth Darcell QUINCE, Appellant,
v.
STATE of Florida, Appellee.
No. 77610.
Supreme Court of Florida.
January 16, 1992.
Robert G. Udell, Stuart, and Russell F. Canan, Washington, D.C., for appellant.
Robert A. Butterworth, Atty. Gen. and Richard B. Martell, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Quince appeals the trial court's summary denial of his motion for postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla.R.Crim.P. 3.850. We remand for an evidentiary hearing.
*670 The facts of the crimes are set out fully in our opinion on direct appeal. Quince v. State, 414 So.2d 185 (Fla.), cert. denied, 459 U.S. 895, 103 S.Ct. 192, 74 L.Ed.2d 155 (1982). Quince pled guilty to first-degree felony murder and burglary following the sexual battery and strangulation death of an eighty-two-year-old woman in her home. He waived a sentencing jury and the judge imposed the death penalty, which was affirmed on appeal. Id. Quince filed a motion for postconviction relief in circuit court pursuant to Florida Rule of Criminal Procedure 3.850, and while the motion was pending the Governor signed a death warrant. The circuit court issued a stay of execution, granted an evidentiary hearing, but denied relief, which was affirmed on appeal. Quince v. State, 477 So.2d 535 (Fla. 1985), cert. denied, 475 U.S. 1132, 106 S.Ct. 1662, 90 L.Ed.2d 204 (1986).
Quince subsequently filed a petition for writ of habeas corpus in federal district court, which was denied following an evidentiary hearing. During the pendency of the appeal of the denial in federal circuit court, Quince became aware of litigation pending before this Court in Harich v. State, 542 So.2d 980 (Fla. 1989) (hereinafter Harich 1), concerning the alleged conflict of interest in trial counsel Howard Pearl's concomitant service as a special deputy sheriff. See also Harich v. State, 573 So.2d 303 (Fla. 1990), petition for cert. filed, (Apr. 23, 1991) (No. 90-7789) (trial court's finding of no conflict of interest following evidentiary hearing affirmed on appeal). Quince filed a subsequent 3.850 motion in circuit court claiming conflict of interest based on Pearl's representation of him, and successfully moved for dismissal of the federal appeal pending the state action. In November 1989, the circuit court summarily denied Quince's motion, relying on the record adduced in Harich's evidentiary hearing on the same issue. Quince filed a motion to disqualify the judge and a motion for rehearing, which were denied in February 1991. He then filed the present appeal.
Quince moved to disqualify the judge based on a comment the judge made in a public address following the evidentiary hearing on the first 3.850 motion, wherein Quince was represented by a Washington, D.C., lawyer. At a meeting of the Volusia County Criminal Defense Lawyers Association, the trial judge mentioned out-of-state lawyers or those from other areas of Florida and said that "[t]hey look down their noses at us and tend to think we're a bunch of rednecks." Quince claimed that this comment demonstrated prejudice. The trial court denied the motion and Quince now claims error.
The above comment, made five years prior to the motion to disqualify, was delivered in the context of an educational address in which Judge Foxman was instructing criminal defense lawyers on safeguards  such as maintaining written records and adequate files  against charges of ineffectiveness in collateral proceedings and was not made in specific reference to the Quince proceeding. The trial court properly dismissed Quince's motion as legally insufficient; the motion failed to establish a well-grounded fear that Quince would not receive a fair hearing. See Suarez v. Dugger, 527 So.2d 190 (Fla. 1988). In fact, in one of the two affidavits submitted in support of the motion, the affiant, who was a lawyer, swore that Judge Foxman's rulings "are unbiased, equitable and fair, without prejudice, and without regard to whether the attorney is in-state or out-of-state." We find no error.
Quince next argues that the trial court erred in denying his request for postconviction relief without conducting an evidentiary hearing. In Harich 1, this Court directed the trial court to conduct an evidentiary hearing into potential conflict of interest arising from Pearl's concomitant service as a special deputy sheriff. We subsequently determined that due process considerations required evidentiary hearings in two additional capital cases in which Pearl served as trial counsel. See Wright v. State, 581 So.2d 882 (Fla. 1991); Herring v. State, 580 So.2d 135 (Fla. 1991). Because Pearl served as trial counsel in the present case, we find consistent with our prior opinions that the trial court erred in failing to *671 conduct an evidentiary hearing[1] on the conflict-of-interest issue.[2]
Based on the foregoing, we remand for an evidentiary hearing on the conflict-of-interest issue to be held within thirty days of the filing of this opinion. The chief judge may wish to consolidate this case with others in which this identical claim is raised.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Although Quince received an evidentiary hearing on a prior motion for postconviction relief in 1984, this does not act as a procedural bar to the present claim in light of the unusual factual allegations in this case. See Harich v. State, 542 So.2d 980, 981 (Fla. 1989) ("[A]s a result of the unusual factual allegations in this case, it may be that this issue could not have been discovered previously through due diligence and that, as a consequence, our procedural default rule would be inapplicable.").
[2] Quince's second claim  that he did not in fact receive conflict-free representation  will be decided on remand.