# Supreme Court of Florida

_____

No. SC17-931
_____

**KENNETH DARCELL QUINCE,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[January 18, 2018]

PER CURIAM.

Kenneth Darcell Quince, a prisoner under sentence of death, appeals the trial court's order summarily denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. For the reasons we explain, we affirm the denial of relief.

In 1980, Quince pleaded guilty to first-degree felony murder and burglary of a dwelling and, after waiving his right to a penalty phase jury, was sentenced to death. We affirmed Quince's death sentence on direct appeal. Quince v. State, 414 So. 2d 185, 189 (Fla. 1982). Quince filed an initial motion for postconviction

relief, the denial of which was eventually affirmed on appeal. See Quince v. State, 732 So. 2d 1059 (Fla. 1999); Quince v. State, 592 So. 2d 669 (Fla. 1992); Quince v. State, 477 So. 2d 535 (Fla. 1985). We also affirmed the denial of a successive motion for postconviction relief, in which Quince sought to vacate his death sentence on the ground that he is ineligible for the death penalty due to intellectual disability. Quince v. State, No. SC11-2401, 2012 WL 6197458, at *1-2 (Fla. Dec. 10, 2012) (116 So. 3d 1262 (table)).

On January 9, 2017, Quince filed another successive motion for postconviction relief in light of Hurst v. Florida, 136 S. Ct. 616 (2016), which is the subject of this appeal. After holding a case management conference, the trial court summarily denied Quince's successive motion on two grounds. First, because Quince's sentence became final on October 4, 1982, when the United States Supreme Court denied his petition for a writ of certiorari, the trial court concluded that Quince was not entitled to relief based on our decision in Asay v. State, 210 So. 3d 1, 22 (Fla. 2016), cert. denied, 138 S. Ct. 41 (2017), holding that Hurst does not apply retroactively to defendants whose death sentences became final before the issuance of Ring v. Arizona, 536 U.S. 584 (2002), on June 24, 2002. Second, because Quince knowingly, intelligently, and voluntarily waived his right to a penalty phase jury, the trial court concluded that Quince was not entitled to relief based on our decision in Mullens v. State, 197 So. 3d 16, 40 (Fla.

2016), cert. denied, 137 S. Ct. 672 (2017), holding that a defendant who waives his Sixth Amendment right to jury factfinding in his sentencing proceeding is not entitled to relief under Hurst. After Quince filed his notice of appeal in this Court, we directed the parties to file briefs addressing why the trial court's order denying the successive motion should not be affirmed based on Mullens.

In Mullens, we held that a defendant "cannot subvert the right to jury factfinding by waiving that right and then suggesting that a subsequent development in the law has fundamentally undermined his sentence." 197 So. 3d at 40. We have since consistently relied on Mullens to deny Hurst relief to defendants who waived a penalty phase jury. E.g., Covington v. State, 228 So. 3d 49, 69 (Fla. 2017); Knight v. State, 211 So. 3d 1, 5 n.2 (Fla. 2016); Robertson v. State, No. SC16-1297, 2016 WL 7043020, at *1 n.1 (Fla. Dec. 1, 2016) (unpublished); Davis v. State, 207 So. 3d 177, 212 (Fla. 2016), cert. denied, 137 S. Ct. 2218 (2017); Brant v. State, 197 So. 3d 1051, 1079 (Fla. 2016). Quince made a valid waiver of his right to a penalty phase jury, and his arguments here do not compel a departure from our precedent. Accordingly, because Quince waived his right to a penalty phase jury, he is not entitled to Hurst relief.

Moreover, because Quince's sentence became final nearly twenty years before Ring was decided, his Hurst claim is also foreclosed by our decision in Asay. See Hitchcock v. State, 226 So. 3d 216, 217 (Fla.), cert. denied, No. 17-

6180, 2017 WL 4355572, (U.S. Dec. 4, 2017); <u>Asay</u>, 210 So. 3d at 22; <u>see also</u> <u>Lambrix v. State</u>, 227 So. 3d 112, 113 (Fla.) (rejecting argument that the Eighth Amendment, equal protection, and due process require that <u>Hurst</u> be applied retroactively to defendant whose sentences were final prior to <u>Ring</u>), <u>cert. denied</u>, 138 S. Ct. 312 (2017).  We therefore affirm the trial court's order denying Quince's successive motion for postconviction relief.

It is so ordered.

LABARGA, C.J., and LEWIS, QUINCE, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
CANADY, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

I concur in result based on this Court's opinion in <u>Mullens v. State</u>, 197 So. 3d 16 (Fla. 2016), <u>cert. denied</u>, 137 S. Ct. 672 (2017), but adhere to my view that <u>Hurst</u>[1] should be retroactive without the cut-off date of the United States Supreme Court's decision in <u>Ring v. Arizona</u>, 536 U.S. 584 (2002).  <u>See</u> <u>Asay v. State</u> (<u>Asay VI</u>), 224 So. 3d 695, 708-09 (Fla. 2017) (Pariente, J., dissenting).  In this case, because Quince waived his right to a penalty phase jury, <u>Hurst</u> does not apply.

An Appeal from the Circuit Court in and for Volusia County,
    Raul Antonio Zambrano, Judge - Case No. 642017CF101850XXXADL

---

1.  Hurst v. State (<u>Hurst</u>), 202 So. 3d 40 (Fla. 2016), <u>cert. denied</u>, 137 S. Ct. 2161 (2017).

- 4 -

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, Raheela Ahmed, Maria Christine Perinetti, and Lisa Marie Bort, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Doris Meacham, Assistant Attorney General, Daytona Beach, Florida,

    for Appellee