303 So.2d 420 (1974)
Rhonnie SINGLETON, Appellant,
v.
STATE of Florida, Appellee.
Joe Nathan WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 73-915, 73-1034.
District Court of Appeal of Florida, Second District.
November 27, 1974.
*421 James A. Gardner, Public Defender, and Ellen Condon, Asst. Public Defender, Tampa, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
We agree with appellants' contention that a lineup in which appellants participated, held approximately two hours after the offense had been committed but prior to the filing of an information charging appellants with the offense, was impermissively suggestive. The in-court identification by the witness, Anna Tonissen, was thereby tainted, and it was not shown by clear and convincing evidence that her in-court identification was based upon an independent source of identification.
Anna Tonissen was not an eye-witness to the robbery. Her testimony merely placed appellants near the scene of the crime. Since both appellants, in statements properly introduced into evidence, and their witness Randolph admitted that appellants were near the scene of the robbery, Anna Tonissen's testimony was cumulative. The introduction of the identification evidence was therefore harmless error. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; United States v. Evans, 2d Cir.1973, 484 F.2d 1178; Souza v. Howard, 1st Cir.1973, 488 F.2d 462; Settle v. State, Fla.App.2d 1974, 288 So.2d 511. See also Brown v. United States, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208; and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.
Appellants next contend that they were denied their constitutional rights of confrontation and cross-examination by the State's use of certain extrajudicial, incriminating statements made in the absence of each other when neither appellant took the stand at their joint trial, in violation of the rule announced in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.
When Detective Bebler began to testify in regard to the statements, defense counsel objected. The jury was removed from the courtroom and Detective Bebler's testimony was proffered. Detective Bebler then testified without objection in the presence of the jury, but made no reference to the part of the respective statements of either defendant which referred to the other defendant by name. In other words, neither statement implicated the other defendant. Under these circumstances, Bruton does not control this case. Additionally, defense counsel did not renew their objection to the testimony regarding the statements after it had been decided to omit the portion of each statement that involved the other defendant. They, therefore, did not preserve their right to raise this point on appeal. Rankin v. State, Fla. 1962, 143 So.2d 193; Sellers v. State, Fla.App.3d 1968, 212 So.2d 659; Simpson v. State, Fla.App.3d 1968, 211 So.2d 862.
The statements referred to placed appellants together at the Eastgate Shopping Center where the robbery was committed. This evidence was merely cumulative of other uncontroverted evidence, which was even admitted by appellants' own witness, Randolph. Therefore, the Bruton errors, if any, were harmless. Brown v. United States, supra. See also Horton v. State, Fla.App.2d 1973, 285 So.2d 418; Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340.
The evidence was sufficient to demonstrate the requisite intent to commit *422 robbery, or to act as principals in the robbery. State v. Young, Fla. 1968, 217 So.2d 567; Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380.
The other points raised on appeal are without merit.
The judgments and sentences appealed are
Affirmed.
McNULTY, C.J., and BOARDMAN, J., concur.