HOBSON, Acting Chief Judge.
Dell appeals his judgment and sentence, after having pled nolo contendere to a charge of armed robbery, reserving his right to appeal the trial court’s ruling on his motions to suppress.
The out-of-court photographic identification of Dell by the victim of the robbery was impermissively suggestive and should have been suppressed on the ground that it was tainted. Singleton v. State, Fla.App. 2d 1974, 303 So.2d 420.
The victim described the robber immediately to the police as approximately medium height, with a black mustache, black shoulder-length hair and black eyebrows. Dell was arrested the following day, his photograph taken, and placed in a photo-pak with four others. These were shown to the victim, who immediately selected Dell’s picture as the robber. All of the subjects had shoulder-length hair, but only one of the other subjects had a mustache. Each of the pictures had notations on the front, such as “Grand Larceny,” “Fugitive Mich.” The picture of the other subject with a mustache had the notation “Poss. of marijuana,” while Dell’s picture was the only one with the notation “A/R no bond,” indicating that he was the only one charged with armed robbery.
Dell’s photograph was thus emphasized and singled out, and as a result of this unfair procedure the likelihood of misidenti-fication was substantial. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402; Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387; Singleton, supra.
The judgment appealed is reversed and the cause is remanded to the lower court with directions to vacate the sentence, set aside the plea and permit appellant to plead anew.
Reversed and remanded with directions.
BOARDMAN and SCHEB, JJ., concur.