472 So.2d 1155 (1985)
Milo A. ROSE, Appellant,
v.
STATE of Florida, Appellee.
No. 64484.
Supreme Court of Florida.
May 16, 1985.
Rehearing Denied August 16, 1985.
*1156 Jerry Hill, Public Defender and Paul C. Helm, Asst. Public Defender, Chief, Appellate Div., Tenth Judicial Circuit, Bartow, for appellant.
Jim Smith, Atty. Gen. and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
ADKINS, Justice.
This case is before the Court on direct appeal from a circuit court judgment adjudicating Milo A. Rose guilty of first-degree murder for which the sentence of death was imposed. This Court has jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm the conviction and sentence.
At approximately 10 p.m. on October 18, 1982, several witnesses were talking together outside one of their residences. Testimony at trial revealed that they saw two men walking down the street. Subsequently they heard the sound of breaking glass and saw that one of the men, later identified as Robert C. Richardson, was lying on the ground. The other man, identified by witnesses as Milo Rose, appellant, was standing over him. Evidence shows that appellant then walked to a nearby vacant lot, picked up a concrete block, and returned to the man on the ground. Appellant *1157 raised the block over his head and hurled it down on Richardson's head. He picked up the block and hurled it down a total of five or six times. The area where the incident occurred was well lighted, so the witnesses were able to see the man with the concrete block clearly.
Appellant was living with Mrs. Richardson, the victim's mother, at the time. Two other acquaintances were staying with them. On the night of the incident, these two acquaintances left an apartment which was in the vicinity where the killing occurred and found appellant hitchhiking on a nearby street. Appellant got into their truck and stated several times that he had just killed Richardson. Appellant was later found in Mrs. Richardson's house and was arrested.
On October 26, 1982, appellant was indicted by the Grand Jury for Pinellas County for the first-degree murder of Robert C. Richardson. Appellant was tried by a jury which found him guilty as charged. The court adjudged him guilty of first-degree murder.
At the sentencing hearing, the court found three aggravating circumstances: (1) the capital felony was committed while appellant was under sentence of imprisonment; (2) appellant was previously convicted of felonies involving the use or threat of violence; and (3) the murder was committed in a cold, calculated, and premeditated manner. The court considered evidence of mitigating circumstances, including appellant's drinking, his history of alcohol abuse, his anti-social personality disorder, and Mrs. Richardson's testimony that he was a good person, but found that there were no statutory or nonstatutory mitigating circumstances sufficient to outweigh or offset the aggravating circumstances. Pursuant to the jury's recommendation, the court sentenced appellant to death on July 8, 1983.

CONVICTION
Appellant contends that he should receive a new trial because the trial court violated his right to due process of law by denying his motion to suppress, admitting evidence of an impermissibly suggestive pretrial identification, and allowing identification in court tainted by the pretrial identification. In support of his contention, appellant cites M.J.S. v. State, 386 So.2d 323 (Fla. 2d DCA 1980), and Dell v. State, 309 So.2d 52 (Fla. 2d DCA 1975), for the proposition that a photographic lineup which contains only one photograph matching the description of the accused is impermissibly suggestive. However, M.J.S. and Dell are factually distinguishable and are not applicable to the instant case.
Testimony contained in the record before us reveals that Detective Tucker took the photograph of appellant and prepared the photopack used for pretrial identification. He based the construction of the photopack on appellant's picture. The record also shows that the photopack used consisted entirely of white males with all the attributes of appellant including long hair, a beard, and a mustache. Furthermore, during the photographic line-up, Detective Tucker did not suggest any photo to the witnesses. Thus, we find appellant's argument to be without merit.
Even if we would have found that the pretrial identification was conducted in an unnecessarily suggestive manner, evidence of the identification did not have to be excluded because under the totality of the circumstances there was not a substantial likelihood of misidentification. See Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1948).
Appellant also contends that the trial court violated his right to confrontation by restricting cross-examination of Detective Luchan on matters affecting his credibility. We disagree.
During the trial, counsel for appellant stated that he wanted to bring out the level of professionalism of Detective Luchan for the purpose of determining his credibility. However, section 90.608, Florida Statutes (1983), provides in part:

*1158 (1) Any party, except the party calling the witness, may attack the credibility of a witness by:
(a) Introducing statements of the witness which are inconsistent with his present testimony.
(b) Showing that the witness is biased.
(c) Attacking the character of the witness in accordance with the provisions of s. 90.609 or s. 90.610.
(d) Showing a defect of capacity, ability, or opportunity in the witness to observe, remember, or recount the matters about which he testified.
(e) Proof by other witnesses that material facts are not as testified to by the witness being impeached.
We find that appellant's attack on Detective Luchan's professionalism was not a proper method of attacking credibility under section 90.608. Moreover, the extent of cross-examination with respect to the appropriate subject of inquiry is within the sound discretion of the trial court, Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), and this discretion is not subject to appellate review except in cases of clear abuse. Matera v. State, 218 So.2d 180 (Fla. 3d DCA), cert. denied, 225 So.2d 529 (Fla.), cert. denied, 396 U.S. 955, 90 S.Ct. 424, 24 L.Ed.2d 420 (1969). We find no abuse in this case. Appellant was not denied his confrontational right because the trial court restricted cross-examination.

SENTENCE
Appellant contends that his sentence should be vacated and that a new sentencing trial should be granted because the trial court erred by admitting the testimony of Michael Craft without conducting a proper inquiry upon defense counsel's objection to a discovery violation. We are unable to find merit in this contention. The state adequately complied with Florida Rule of Criminal Procedure 3.220(a)(1)(i), and there was a sufficient inquiry under the circumstances by the trial court to make an adequate Richardson determination. See Richardson v. State, 246 So.2d 771 (Fla. 1971).
Appellant also argues that the trial court erred by admitting evidence of non-statutory aggravating circumstances including prior offenses for which appellant had not been convicted and a pending allegation of parole violation. There is no merit to this argument. When the trial judge weighed the evidence, she enumerated the aggravating circumstances that she found were proven beyond a reasonable doubt and the evidence that substantiated these aggravating circumstances. The evidence complained of by the appellant was not contained in the order nor was it considered in determining the propriety of the death penalty.
Appellant claims that the trial court violated his right to testify in his own behalf, to present evidence in mitigation, and to respond to the state's evidence by denying his request to retake the stand to clarify and supplement his testimony prior to closing arguments. We find that appellant had adequate opportunity to testify on his own behalf, to present evidence in mitigation, and to respond to the state's evidence. The burden was on appellant to provide the trial court with sufficient specific reasons as to why he should have been allowed to reopen. Appellant failed to meet that burden. Thus, there was not an abuse of discretion by the trial court in denying appellant's request to reopen.
Appellant next claims that the trial court erred by failing to consider evidence of mitigating circumstances including appellant's potential for rehabilitation, his family background, and his relationship with the deceased. We find no support for this claim.
The non-statutory mitigating factors that appellant contends the trial court failed to consider were known and considered by the court. The trial court found that the lack of mitigating evidence was overwhelmed by the weight of the aggravating circumstances. Mere disagreement with the force to be given such evidence is not a sufficient *1159 basis for challenging a death sentence. Quince v. State, 414 So.2d 185 (Fla.), cert. denied, 459 U.S. 895, 103 S.Ct. 192, 74 L.Ed.2d 155 (1982).
Appellant also argues that the trial court erred by instructing the jury upon and finding as an aggravating circumstance that the murder was cold, calculated, and premeditated because the evidence was legally insufficient to establish that circumstance. We find that the trial court properly found that appellant killed Richardson in a cold, calculated, and premeditated manner. In support of its finding, the court noted that (1) appellant searched for an object in an accompanying lot before he found the thirty-five-pound concrete block used to kill Richardson; (2) appellant carried the block back over to where Richardson was located; (3) appellant lifted the concrete block over his head, paused, and asked Mr. Richardson to get up before appellant struck him; (4) appellant hurled the thirty-five-pound block six to eight times onto the head of the helpless and defenseless man.
Appellant further contends that the trial court erred by finding that the law required imposition of the death penalty in this case. We find no merit to this argument.
Finally, appellant contends that the death sentence in this case is disproportionate in comparison with prior cases in which this Court has reversed death sentences and ordered imposition of life sentences. We disagree and find that the trial court properly imposed the death penalty. See Buford v. State, 403 So.2d 943 (1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982).
For the reasons expressed, we affirm appellant's conviction and sentence of death.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.