Robert Raul **VILLARREAL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–84–018–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 12, 1985.

Peter C. Gilman, Brownsville, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Appellant Robert Villarreal challenges the admissibility and the sufficiency of evidence which was used to convict him of possession of marihuana. We reject his arguments and affirm the judgment of the trial court.

On August 10, 1983, appellant and another man were standing near two legally parked cars in Brownsville, Texas. Officer Celestino Oliveira recognized appellant and ascertained by radio that a warrant for appellant's arrest was outstanding. After assistance arrived, Officer Oliveira arrested appellant and asked another police officer, Samuel Spencer, to take charge of the car which appellant said he was "trying out." The officers later determined that the car was actually owned by him.

Officer Spencer looked into the vehicle and noticed an open box on the front floorboard which contained a small scale. He picked up the scale and saw that it held "a little white powdery substance" which he suspected was an illegal narcotic. Officer Spencer then conducted a thorough search of the vehicle. In the interior he located two plastic vials, one being filled with a similar white powder. In the trunk, which he opened with the key that he removed from the ignition, Officer Spencer pulled out a pillow case containing plastic bags

filled with over three pounds of marihuana. The white powder later tested negative.

The appellant was tried and convicted for possession of marihuana. He was sentenced to two years' confinement in the Texas Department of Corrections. This sentence was suspended, and appellant was placed on probation for four years.

Appellant agrees that he was lawfully arrested, but argues that the issue for reversal before this Court concerns the subsequent search of his automobile.

Appellant initially raised two grounds of error in his brief. In a prior opinion, this court addressed his second ground and reversed his conviction on a procedural matter involving a written jury waiver. *Villarreal v. State*, 676 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1984). After abandoning its prior decisions that a written jury waiver was required to be included in the appellate record, the Court of Criminal Appeals reversed this Court's holding in an unpublished opinion. *Villarreal v. State*, No. 1030–84, (Tex.Crim.App. May 29, 1985). We now have an opportunity to address appellant's first ground of error.

Appellant actually makes two arguments. First, he contends that the marihuana was wrongly admitted into evidence since it was the product of an illegal search and seizure; and second, appellant asserts that, in any event, there were insufficient facts to establish that he was in possession of the marihuana. We reject both of these contentions.

In his first argument, appellant challenges the police entry into the interior of his vehicle, as well as the subsequent search of the vehicle's trunk.

Because the search was made without a warrant, the State has the burden of proving its reasonableness. *DeLao v. State*, 550 S.W.2d 289 (Tex.Crim.App.1977). The State, however, does not have the burden of verbalizing in the trial court every possible basis for holding a search legal. *Lewis v. State*, 664 S.W.2d 345 (Tex.Crim.App. 1984).

■ The facts of this case show that upon appellant's arrest, the arresting officer in charge ordered his subordinate to take care of appellant's vehicle. Almost simultaneous with this instruction, Officer Spencer (the subordinate) viewed a scale of the type used to weigh narcotics inside a box in the car. Upon entering the vehicle, Officer Spencer discovered a white powder on the scales and then a bottle containing a white powder on the driver's sun visor. Officer Spencer testified that he next searched the trunk of appellant's automobile.

The question presented for review is whether Officer Spencer had a right to enter appellant's vehicle without a search warrant, whether based on probable cause or some other exigent circumstance. While the record may not have been developed as well as it could have been, we conclude, based on the evidence produced at the suppression hearing, that the police entry into appellant's vehicle was not unreasonable.

It is undisputed that appellant's vehicle was parked on a public street in Brownsville. Appellant was arrested while standing outside his vehicle. The keys to the car were in the ignition. There appears to have been no one else in appellant's vehicle and it appears that no request was made by appellant to allow anyone else to take control of his vehicle.

■ As stated in *Benavides v. State*, 600 S.W.2d 809 (Tex.Crim.App.1980) a vehicle may be impounded where it is abandoned, or where its driver is arrested and no other alternatives are available other than impoundment to insure the protection of the vehicle. In *Benavides*, the Court held the impoundment improper where the vehicle was parked two or more blocks away from the arrest. Unlike *Benavides*, however, appellant's arrest occurred where the car was located.

In *Gary v. State*, 647 S.W.2d 646 (Tex. Crim.App.1983), the Court authorized the impoundment of a vehicle, and subsequent inventory, where the driver of an automobile was taken into custody.

In the present case, appellant was not arrested while in his vehicle. Nonetheless, the police would have been derelict in their duty had they left appellant's automobile on the street with the keys in the vehicle. Appellant was arrested for a serious offense, aggravated assault, thus making it unlikely that appellant could have returned to the vehicle in a short period of time. Cf. *State v. Greenway*, 15 Wash.App. 216, 547 P.2d 1231 (1976). The police officers did not want to leave the car unprotected on the street. There was no one to whom the police could have entrusted the vehicle. *Gary*, 647 S.W.2d at 649. Officer Oliveira testified he advised Officer Spencer to "take care of the black vehicle." Once the officers had the legal right to enter the vehicle and discovered the scale and the powdery white substance, they had the legal right to impound the vehicle. As the United States Supreme Court, writing through Chief Justice Burger, said:

> When vehicles are impounded, local police departments generally follow a routine practice of securing and inventorying the automobile's contents. These procedures developed in response to three distinct needs: the protection of the owner's property while it remains in police custody; to protect the police against claims or disputes over lost or stolen property; and the protection of the police from potential danger.

*South Dakota v. Opperman*, 428 U.S. 364, 369, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000 (1976), *quoted in Guillett v. State*, 677 S.W.2d 46, 49 (Tex.Crim.App.1984). Under these circumstances, the police officer's entry into the car was not unreasonable, and an inventory was authorized.

The next question is whether Officer Spencer was justified in conducting a warrantless search of the trunk of appellant's automobile.

Appellant relies on *Gill v. State*, 625 S.W.2d 307, 311 (Tex.Crim.App.1981), where the Court of Criminal Appeals held that "(t)he existence of probable cause to search the interior of an automobile is not necessarily sufficient to justify the search

of the trunk." The Court further noted that "(t)he finding of a small quantity of suspected contraband in the passenger compartment of an automobile does not alone amount to probable cause to search the trunk." *Gill* at 311.

The *Gill* case is distinguishable on its facts. The defendant in *Gill* was sitting in his automobile holding a syringe when a policeman saw him. Upon request the defendant produced an altered driver's license. He was arrested and the officer searched his automobile. He found a marihuana cigarette in the interior, along with other evidence of drug use. A wrecker driver was called to the scene to remove the back seat so the police could look in the trunk. The defendant was prosecuted and convicted for possession of the drugs which were found in the trunk.

The *Gill* Court held that the mere fact the defendant was in possession of a single marihuana cigarette and the syringe did not alone amount to probable cause that there were narcotics in the trunk. The Court of Criminal Appeals held that the police were not justified in forcing entry into the defendant's locked trunk. The Court concluded that the narcotics found in the trunk were wrongly admitted into evidence and reversed the defendant's conviction. *Gill* at 311–12, 320.

Although the language used in *Gill* is very broad, the case should be limited to its particular facts. We pause to note that *Gill* was decided several months before the United States Supreme Court's decision in *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). In *Ross*, the Supreme Court held that probable cause to suspect that a vehicle contained contraband gave police the right to search anywhere in the vehicle where contraband could be located. This holding conflicts at least partially with the rationale in *Gill*. This may be the reason that the Court of Criminal Appeals has now backed away from the broad language in *Gill* in its more recent decisions. In the cases of *Stephen v. State*, 677 S.W.2d 42, 44 (Tex.Crim.App. 1984) and *Kelley v. State*, 677 S.W.2d 34,

37 (Tex.Crim.App.1984), for example, the Court centered in on the fact that no *force* was used to gain entry into the defendants' automobile trunks to distinguish *Gill* and affirm the judgments of the lower courts. Here, the appellant's key in the ignition was an open invitation to inspect elsewhere in his vehicle once there was probable cause to search the vehicle.

Although *Stephen* and *Kelley* relied on an inventory analysis and not a probable cause analysis, their rationale can be used to affirm appellant's conviction. As in appellant's case, the police in *Stephen* and *Kelley* removed the keys from the ignition to open the trunk, whereas in *Gill*, the police had a wrecker driver remove the back seat to get into the trunk. The majority in these two cases felt that this difference was sufficient to distinguish *Gill*.

■ Once probable cause exists to believe that contraband is contained in a vehicle, police are entitled to conduct a warrantless search of the vehicle as thorough as one authorized by a warrant issued by a magistrate. Every part of a vehicle where contraband might be stored can be inspected. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Under *Ross*, Officer Spencer was justified in searching the automobile's trunk and the pillow case therein, and in seizing the marihuana. The fact that the white powder later tested negative does not affect the validity of the initial search, since Officer Spencer reasonably believed the powder was an illegal drug. The first part of appellant's first ground of error is overruled.

Appellant's second argument in his first ground of error questions the sufficiency of the evidence linking him to the marihuana found in his trunk. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McGoldrick v. State*, 682 S.W.2d 573, 577 (Tex.Crim.App.1985); *Houston v.*

*State*, 663 S.W.2d 455, 456 (Tex.Crim.App. 1984). Appellant was convicted of possession of marihuana. The State must prove that the accused exercised care, control, and management over the contraband, and that the accused knew the matter possessed was contraband. There must be independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded he had knowledge of the contraband as well as control over it. *McGoldrick*, 682 S.W.2d at 578; *Wilkes v. State*, 572 S.W.2d 538, 540 (Tex.Crim.App.1978).

■ The circumstances surrounding the seizure of the marihuana indicate a strong link between appellant and the marihuana. It was appellant's car. He was standing next to it. The marihuana was in the locked trunk the key to which was in his ignition. We find that these facts are enough to establish appellant's possession of the marihuana. *See Zamora v. State*, 508 S.W.2d 819, 821 (Tex.Crim.App.1974) (evidence sustained conviction for possession where defendant had secured and driven automobile in trunk of which was a large quantity of marihuana); *Nickerson v. State*, 645 S.W.2d 888, 892 (Tex.App.—Dallas), *aff'd.*, 660 S.W.2d 825 (Tex.Crim.App. 1983) (evidence sustained conviction for possession of marihuana where defendant was in exclusive control of vehicle in which the marihuana was discovered). Appellant's first ground of error is overruled.

Since appellant's other ground has been previously overruled by the Court of Criminal Appeals, the judgment of conviction is now AFFIRMED.

SEERDEN, J., dissenting.

SEERDEN, Justice, dissenting.

I respectfully dissent. The threshold question as to the validity of the search of appellant's vehicle is whether the State met its burden to prove beyond a reasonable doubt that the impoundment of the vehicle was lawful. *Ward v. State*, 659 S.W.2d 643 (Tex.Crim.App.1983)(en banc); *Benavides v. State*, 600 S.W.2d 809 (Tex.Crim.

App.1980); *Daniels v. State,* 600 S.W.2d 813 (Tex.Crim.App.1980). Both the Fourth Amendment to the U.S. Constitution and Art. 1, § 9 of the Texas Constitution provide that people shall be secure in their persons and possessions against unreasonable searches and seizures.

*Benavides, supra,* citing *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) and a host of other cases, points out numerous illustrations of situations where it is reasonable for the State to impound vehicles, but points out that the "mere arrest of a defendant cannot be construed to authorize the seizure of his automobile when the arrest took place two or more blocks away from the automobile." The majority seems to take the position that the distance of the vehicle from the point of the arrest is a conclusive determining factor in considering impoundment. I cannot agree. I believe it is only one factor to consider.

The evidence in our case shows that Officer Oliveira first observed Mr. Villarreal outside the vehicle talking to another individual. Appellant and the other individual were standing next to a black vehicle. There was a cream-colored vehicle immediately behind the black car. Four people were in the cream-colored car. Later, Oliveira found there was a warrant outstanding for appellant's arrest on a charge of aggravated assault.

Oliveira and several other officers returned to find the vehicles in the same position, the four people still seated in the cream-colored car and appellant and the other individual still standing by the car talking. Appellant was arrested on the aggravated assault warrant by Officer Oliveira. The officer asked if the black car was his and appellant either said, "I'm trying it out" or "I'm buying it." Officer Oliveira testified he advised Officer Spencer to take care of the black vehicle. Officer Spencer testified that Oliveira instructed him to impound the black vehicle and made the search which resulted in the contraband being discovered. Under these facts, I cannot believe that the State met

its burden to show that it was reasonably necessary to undertake any type of caretaking operation in connection with the black vehicle. There was no evidence that the vehicle was illegally parked, that it constituted a hazard or that either it or its contents were in any danger, either to the general public, or to the owner of the vehicle. In fact, at the time of the search the State had no information as to the ownership of the vehicle. Its two witnesses conceded, on cross-examination, that any of the four people in the cream-colored car, or the person to whom appellant was talking at the time of his arrest, could have been the owner of the car. There is no evidence of when the officers discovered that the keys were in the car. Neither was there any showing by the State that the vehicle was or would be abandoned. No evidence was presented as to whether any of the other private persons at the scene of the arrest could or would care for the vehicle.

The only evidence presented by the State as to the reason for impounding the vehicle came from Officer Spencer who answered affirmatively to the question by appellant's attorney to the effect that the purpose of impounding the vehicle was so it could be searched and that this is standard procedure with the Brownsville Police Department.

I would conclude that this fact situation falls within the reasoning and holding expressed in *Benavides* at 812, where the Court stated:

> While it may have been standard police procedure to impound the vehicle of a person who is arrested we conclude that the Fourth Amendment protection against seizures cannot be whittled away by a police regulation. For such a procedure there must be some reasonable connection between the arrest and the vehicle. See *Nolan v. Tenn.,* 588 S.W.2d 777 (Tenn.Cr.App.1979); *Dunkum v. Georgia,* 138 Ga.App. 321, 226 S.E.2d 133 (Tex.1976). In the case at bar none existed. Nor was there any other reasonable ground given for the impoundment. We, therefore, hold that the impoundment of

appellant's automobile and the subsequent search were unlawful. See also *Minnesota v. Goodrich*, 256 N.W.2d 506 (Minn.1977); *Wagner v. Commonwealth*, 581 S.W.2d 352 (Ky.1979); *Washington v. Singleton* [303 So.2d 420 (Fla.App. 1974)], supra.

See also *Gauldin v. State*, 683 S.W.2d 411 (Tex.Crim.App.1984)(en banc).

According, I would hold that the State failed to prove the reasonableness of the impoundment of the vehicle, would rule that the evidence obtained as a result of the search was inadmissible, and would reverse the judgment of the trial court.