Jose ACOSTA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–293–CR.

Court of Appeals of Texas, Corpus Christi.

June 9, 1988.

James R. Lawrence, Corpus Christi, for appellant.

Grant Jones, Deanie King, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Jose Acosta, guilty of aggravated possession of heroin. The trial court assessed punishment at thirty years' confinement in the Texas Department of Corrections. By his first point of error, appellant challenges the sufficiency of the evidence to prove possession as alleged in the indictment.

The standard for review of the sufficiency of the evidence, whether circumstantial or direct, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984); *Arguijo v. State*, 738 S.W.2d 367, 369 (Tex.App.—Corpus Christi 1987, no pet).

To prove a defendant guilty of unlawfully possessing a controlled substance, the State must show that the defendant intentionally or knowingly exercised actual care, custody, control or management over a controlled substance, *Humason v. State*, 728 S.W.2d 363, 365 (Tex.Crim.App.1987), and that the accused knew that the matter he possessed was contraband. *Johnson v. State*, 658 S.W.2d 623, 627 (Tex.Crim.App.1983); *Arguijo*, 738 S.W.2d at 369. In other words, there must be some independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded that he had knowledge of the contraband as well as management or control over it. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App. 1985); *Villarreal v. State*, 703 S.W.2d 301,

305 (Tex.App.—Corpus Christi 1985, no pet.).

■ On May 22, 1985, Officer Odum received a telephone call from an informant who stated that he had just observed appellant in possession of a quantity of heroin at 1613 Sherman Street. Officer Odum prepared a search warrant to search the Sherman Street residence. He then received another telephone call from the same informant who stated that he had just seen appellant and that appellant had heroin in his grey 1977 Mercury Marquis. Officer Odum added to the search warrant a request to search the Mercury vehicle and had the search warrant signed and initialed by a municipal court judge.

That same day, police apprehended appellant while he was driving the Mercury vehicle. Officer Stacy and Officer Odum quickly searched the vehicle, but found no heroin. The vehicle was impounded.

The next day, Officer Odum conducted a "complete inventory search" of the Mercury vehicle. He then discovered a baggy hidden inside the vehicle's trunk behind some cardboard which covered the back of the left tail light. This baggy contained 30.9 grams of six percent heroin.

During the trial, Officer Odum testified that the Mercury vehicle was licensed and registered in the name of appellant. Appellant's former wife, San Juana Garcia, testified that she and appellant were the owners of the vehicle involved in the stop. She stated that later she and appellant went to the Corpus Christi Police Department to try to reclaim the vehicle. Testimony from Cleo Campos, one of the three passengers riding with appellant at the time of the stop, indicates that she and the two others, her daughter and grandson, were merely being given a ride home and that they had no other connection with appellant or the Mercury.

This Court has previously held in a similar case that the evidence was sufficient to sustain a conviction for possession where a car containing contraband belonged to defendant, who was standing next to it, and where the marihuana was in the locked trunk the key to which was in the ignition. *Villarreal,* 703 S.W.2d at 305.

The facts in this case clearly show (1) that an informant reported that the appellant had a quantity of heroin in his Mercury vehicle; (2) that the appellant was the registered owner of the vehicle; (3) that the appellant was driving the vehicle; and (4) that the heroin was found in the vehicle. These facts establish the affirmative link necessary to show possession by appellant. Appellant's first point of error is overruled.

In his second point of error, appellant complains that the trial court erred in failing to sustain his motion to suppress evidence.

Appellant's motion to suppress evidence states in part that the "search was unreasonable and illegal in violation of the Fourth Amendment to the United States Constitution and Article 1, § 9 of the Texas Constitution, because it was not conducted pursuant to a valid search warrant." Appellant's motion to suppress evidence further states that "[t]he search was not conducted pursuant to a valid search warrant in that the warrant has been altered to contain the information concerning the search of the 1977 Mercury Texas License, 192–FBQ."

There is no evidence in the record that the search warrant was altered in any way after it was signed and initialed by Judge Monkres.

During the trial of the case in chief, the State offered a copy of the search warrant, marked as State's Exhibit 1, into evidence. Appellant objected on the grounds that testimony indicated that States Exhibit 1 was not the original, and Judge Monkres did not testify that he in fact signed or initialed it. Appellant states in his brief that he was questioning the authenticity of the copy.

■ Regarding appellant's first objection, Officer Odum stated in testimony given during the hearing and during the trial, that he could not find the original search warrant, but that State's Exhibit 1 was an exact duplicate or copy of the original. Tex.R.Crim.Evid. 1002 states that "[t]o prove the content of a writing, recording,

or photograph, the original writing, recording, or photograph is required except as otherwise provided in these rules or by law." Rule 1003 provides that "[a] duplicate is admissible to the same extent as an original unless (1) a question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." The applicable portion of Rule 1004 states that "[t]he original is not required, and all other evidence of the contents of a writing, recording, or photograph is admissible if: [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; ...."

Appellant failed to question the authenticity of the original search warrant and offered no argument or proof that under the circumstances it would be unfair to admit the duplicate in lieu of the original.

Regarding the admissibility of State's Exhibit 1, Anne Marshall testified during the hearing on appellant's motion to suppress evidence that she had frequently seen Judge Monkres sign his name in her presence. She recognized the signature on State's Exhibit 1 and stated that it appeared to be his. Officer Odum testified during the hearing and the trial that Judge Monkres signed the original search warrant in his presence, and that he saw him initial with a letter 'B' the phrase, "1613 Sherman Street," and the addition concerning the search of the 1977 grey Mercury.

■ The requirement of authentication or identification as a condition precedent to admissibility is established by evidence sufficient to support a finding that the matter in question is what its proponent claims. Tex.R.Crim.Evid. 901(a). Rules 901(b) and 901(b)(2) state that a non-expert witness who gives an opinion on the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation, is an example of authentication or identification complying with the requirements of Rule 901(a).

■ Appellant does not maintain that either witness acquired familiarity with Judge Monkres' handwriting for purposes of litigation, and there is no such evidence

in the record. The State met the requirement of authentication as a condition precedent to admitting State's Exhibit 1 into evidence.

Appellant's second point of error is overruled.

In his third point of error, appellant complains that the trial court erred in admitting into evidence State's Exhibit 4, the package of heroin, as it was the product of an illegal search.

■ Even though Officer Odum testified that he discovered the heroin during an "inventory search" of the vehicle, he was still conducting the search pursuant to a valid search warrant. A warrant to search a vehicle will allow for the search of every part of the vehicle that might contain the object of the search. *United States v. Ross*, 456 U.S. 798, 822, 102 S.Ct. 2157, 2171, 72 L.Ed.2d 572 (1982). Appellant's third point of error is overruled.

In his fourth point of error, appellant complains that the trial court erred in receiving prejudicial hearsay testimony from a so-called "expert" witness, over appellant's timely objection.

Appellant first argues that Officer Bridge's testimony during the sentencing phase concerning the street prices of various narcotics is hearsay because such testimony was based on what people told him.

■ Tex.R.Crim.Evid. 801(d) provides that hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Officer Bridge had previously testified, without objection, concerning the price of heroin within the last two years. After appellant's objection was overruled, Officer Bridge testified concerning the average price for heroin in 1985. He did not testify to any statement made to him by others not testifying at the hearing concerning the price of heroin in 1985. No prejudicial hearsay occurred.

Appellant next challenges the qualifications of Officer Bridge. Appellant contends that because Officer Bridge is not a

chemist, he is not qualified to offer expert testimony on the indication of six percent heroin. Officer Bridge was allowed to testify that a person possessing six percent heroin would be more of a dealer or a supplier and not a street addict.

Officer Bridge testified that he had worked five years with the Corpus Christi Police Department which included one year in the narcotics division. He stated that he has attended several seminars on narcotics identification and usage. He had also acted as an undercover narcotics agent, and stated that he was familiar with how heroin was packaged for sale. Appellant offers no evidence to show that Officer Bridge was not qualified to testify about the indication of six percent heroin.

The special knowledge which qualifies a witness to give an expert opinion can be achieved solely through a study of technical works, or specialized education, or practical experience, or any combination thereof. *Halloway v. State,* 613 S.W.2d 497, 501 (Tex.Crim.App.1981); *Alaniz v. State,* 647 S.W.2d 310, 314 (Tex.App.—Corpus Christi 1982, pet. ref'd). Whether a witness offered as an expert possesses the necessary qualifications is a matter committed to the discretion of the trial court, and the decision to admit or exclude the testimony will not be disturbed unless a clear abuse of discretion is shown. *Alaniz,* 647 S.W.2d at 314. We find no abuse of discretion in the record before us. Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.