ACCEPTED
13-15-00292-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/16/2015 11:00:39 AM
Dorian E. Ramirez
CLERK

# #13-15-00292-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/16/2015 11:00:39 AM
DORIAN E. RAMIREZ
Clerk

Thirteenth Court of Appeals, Corpus Christi & Edinburg

**THE STATE OF TEXAS**,

Appellant

v.

**JOSHUA LINDSEY**,

Appellee

ON STATE'S APPEAL FROM THE 105TH DISTRICT COURT
OF NUECES COUNTY, CAUSE #13-CR-4068-D

# <u>STATE'S BRIEF</u>

A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Jud. Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**    The State of Texas, District Attorney for the 105th Judicial District, represented by

Appellate counsel:

      A. Cliff Gordon, Asst. Dist. Atty.
      Nueces County Courthouse
      901 Leopard St., Rm. 206
      Corpus Christi, TX 78401

Trial and appellate counsel:

      Mark Skurka, District Attorney
      Jordan Brown, Asst. Dist. Atty.
      Nueces County Courthouse
      901 Leopard St., Rm. 206
      Corpus Christi, TX 78401

**Appellee:**    Joshua Lindsey, represented by

Trial and Appellate Counsel:

      Celina Lopez Leon
      Law Office of Scott Ellison, PLLC
      410 Peoples St.
      Corpus Christi, TX 78401-2318
      361.887.7600 phone
      361.882.4728 fax
      celinamarielopez@gmail.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................... ii

INDEX OF AUTHORITIES ............................................................................ v

STATEMENT OF THE CASE ......................................................................... vii

ISSUE PRESENTED ....................................................................................... viii

    After explicitly finding that the investigating officer smelled the 'strong odor' of marihuana emanating from Defendant's vehicle, did the trial court err by suppressing the cocaine found in the trunk of Defendant's vehicle for want of probable cause? .................................................................................................... viii

STATEMENT OF FACTS ............................................................................... 1

    Indictment for possessing 4 to 200 grams of cocaine ............................... 1

    Hearing on Lindsey's motion to suppress all contraband found in his vehicle, including the passenger area and trunk ............................ 1

    The trial court finds that Officer Ortiz smelled the 'strong odor' of marihuana emanating from Lindsey's vehicle .................................... 2

    The trial court suppresses over 40 grams of cocaine found in the trunk but not the .61 grams of cocaine found in the passenger area ................................................................................................................ 3

SUMMARY OF THE ARGUMENT ................................................................ 3

ARGUMENT .................................................................................................. 4

    The trial court erred by granting, in part, Defendant Lindsey's motion to suppress .................................................................................. 4

        1. General Suppression Standards ......................................................... 4

            1.a Review ........................................................................................ 4

            1.b Evidentiary Burdens .................................................................. 5

            1.c Probable Cause ........................................................................... 6

2. The controlling legal standards recognize that, when an officer detects the odor of marihuana emanating from a vehicle, probable cause exists to search any part of the vehicle where marihuana could be secreted, such as the trunk ...................................................................................8

    2.a The odor of marihuana emanating from a vehicle provides probable cause to search it ...........................................8

    2.b Probable to search a vehicle for marihuana provides probable cause to search its trunk ...............................................9

3. The trial court ignored controlling Texas law by concluding that the 'strong odor' of marihuana failed to provide probable cause to search the trunk of Lindsey's vehicle..........................................................................................11

PRAYER...........................................................................................12

CERTIFICATE OF COMPLIANCE .................................................12

CERTIFICATE OF SERVICE .........................................................13

# INDEX OF AUTHORITIES

**Cases**

Amador v. State, 275 S.W.3d 872 (Tex. Crim. App. 2009) ...............................8

Baldwin v. State, 278 S.W.3d 367 (Tex. Crim. App. 2009) ..............................7

Chambers v. Maroney, 399 U.S. 42 (1970) ........................................................6

Dixon v. State, 206 S.W.3d 613 (Tex. Crim. App. 2006) ..................................5

Estrada v. State, 154 S.W.3d 604 (Tex. Crim. App. 2005) ...............................7

Florida v. Harris, 133 S. Ct. 1050 (2013) .......................................................7, 8

Garza v. State, No. 13-05-374-CR, 2006 WL 3375333 (Tex. App.—
Corpus Christi Nov. 22, 2006, pet. ref'd)..................................................10

Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991) ..............................9

Herring v. State, 758 S.W.2d 849 (Tex. App.—Corpus Christi 1988,
pet. ref'd) .....................................................................................................10

Jordan v. State, 394 S.W.3d 58 (Tex. App.—Houston [1st Dist.] 2012,
pet. ref'd) .......................................................................................................9

Levine v. State, 794 S.W.2d 451 (Tex. App.—Amarillo 1990, pet. ref'd).......11

Marsh v. State, 684 S.W.2d 676 (Tex. Crim. App. 1984) .................................8

Neal v. State, 256 S.W.3d 264 (Tex. Crim. App. 2008), cert. denied, 555
U.S. 1154 (2009) ...........................................................................................6

Osban v. State, 726 S.W.2d 107 (Tex. Crim. App. 1986) .................................9

Parker v. State, 206 S.W.3d 593 (Tex. Crim. App. 2006) .................................8

Rocha v. State, 464 S.W.3d 410 (Tex. App.—Houston [1st Dist.] 2015,
pet ref'd) .......................................................................................................11

State v. Kelly, 204 S.W.3d 808 (Tex. Crim. App. 2006) ...................................5

State v. Kerwick, 393 S.W.3d 270 (Tex. Crim. App. 2013)...............................5

State v. Montes de Oca, No. 13-14-00289-CR, 2015 WL 4504927 (Tex. App.—Corpus Christi July 23, 2015, no. pet. h.) ......................................6

United States v. Ross, 456 U.S. 798 (1982) ...........................................................9

Villarreal v. State, 703 S.W.2d 301 (Tex. App.—Corpus Christi 1985, no pet.) ...................................................................................................10

Wiede v. State, 214 S.W.3d 17 (Tex. Crim. App. 2007) ......................................8

# STATEMENT OF THE CASE

| | |
|---|---|
| Nature of the Case | On February 6, 2015, a grand jury indicted Defendant-Appellee Joshua Lindsey for possession of 4 grams or more but less than 200 grams of cocaine.  CR 5. |
| Course of Proceedings | On February 16, 2015, Lindsey moved to suppress.  CR 25.  On June 5, the trial court heard Lindsey's motion to suppress.  RR 1; CR 47. |
| Trial Court's Disposition | On June 18, 2015, the trial court granted, in part, Lindsey's motion and suppressed the cocaine found in his vehicle's trunk but not the passenger area of the car.  CR 47.  On August 5, the trial court signed findings of fact and conclusions of law.  CR 70. |

# ISSUE PRESENTED

After explicitly finding that the investigating officer smelled the "strong odor" of marihuana emanating from Defendant's vehicle, did the trial court err by suppressing the cocaine found in the trunk of Defendant's vehicle for want of probable cause?

## STATEMENT OF FACTS

**Indictment for possessing 4 to 200 grams of cocaine.**

On February 6, 2015, a grand jury indicted Defendant-Appellee Joshua Lindsey for possession of 4 grams or more but less than 200 grams of cocaine, a second degree felony punishable as a first degree due to his prior murder conviction. CR 5. On February 16, Lindsey moved to suppress and alleged that the police could not properly detain him because he smelled of marihuana and could not use his keys to unlock his vehicle and search it. CR 25.

**Hearing on Lindsey's motion to suppress all contraband found in his vehicle, including the passenger area and trunk.**

On June 5, 2015, the trial court heard Lindsey's motion to suppress. RR 1; CR 47. Corpus Christi Police Department Officer Vicente Ortiz to the encounter involving him, fellow CCPD Officer Gonzalez and Lindsey. CR 70 (## 3, 4). That encounter resulted in a search of Lindsey's vehicle that produced four baggies of cocaine—one from the passenger area (.61 grams of residue from the front passenger seat) and three from the trunk

(containing crushed cocaine and several rocks of cocaine totaling over 40 grams).  RR 45-49; CR 47.

**The trial court finds that Officer Ortiz smelled the "strong odor" of marihuana emanating from Lindsey's vehicle.**

Based ostensibly on Officer Ortiz's testimony, the trial court made the following pertinent findings[1]:

> As Officers Ortiz and Gonzalez approached a convenience store to investigate a theft, they passed "two vehicles parked in front of the store, and Ortiz could smell a strong odor of marijuana emitting from the vehicles."  ## 4, 5.

> "Officer Ortiz opened the trunk of Lindsey's vehicle after Lindsey had been in the unit for thirty minutes, pursuant to an inventory search after he decided to impound the car."  #19.

> "Officer Ortiz found crack cocaine rocks in the trunk of the vehicle."  #19.

> "When Lieutenant Bauer arrived at the scene after the trunk was opened, Officer Ortiz told Officer Bauer that all he had was a 'strong odor of marijuana. That's all I have.'"  #21.

---

[1]     The trial judge initially signed the State's proposed findings without modification (CR 62), then it vacated that order (CR 78) and signed the Defendant's proposed findings without modification (CR 74).  Citations to a number following "#" refer to the number of the finding of fact found at CR 70-73.

From these findings, the trial court concluded that "probable cause did not exist to search the trunk of Defendant's vehicle." CR 73 (Conclusion of Law #1).

**The trial court suppresses over 40 grams of cocaine found in the trunk but not the .61 grams of cocaine found in the passenger area.**

The trial court granted, in part, Lindsey's motion to suppress. It entered an order suppressing only the evidence found in the trunk of Lindsey's vehicle and not the passenger compartment. CR 47 (suppressing "[a]ny contraband found as a result of the inventory search conducted . . . in the trunk of Joshua Lindsey's vehicle."). Thus, the trial court refused to suppress the cocaine residue found in the passenger area while suppressing over 40 grams of cocaine found in the trunk. *Ibid*.; RR 45-49.

## SUMMARY OF THE ARGUMENT

Based on its finding that the officer smelled the "strong odor" of marihuana emanating from Lindsey's vehicle, the trial court properly refused to suppress the cocaine found in the passenger area. But, having implicitly and properly found reasonable suspicion to detain Linsey and

3

probable cause to search the vehicle, the trial court erred by suppressing the cocaine found in the trunk of Lindsey's vehicle.

Probable cause to search based on the odor of marihuana emanating from a vehicle extends to any part of the vehicle where marihuana may be found, such as the trunk. The trial court's attempt to "split the baby"—implicitly finding probable cause to search the passenger area based on the odor of marihuana but expressly finding no probable cause to search the trunk—contradicts with established Texas law and should be reversed.

## ARGUMENT

**The trial court erred by granting, in part, Defendant Lindsey's motion to suppress.**

**1.   General Suppression Standards**

**1.a   Review**

In reviewing a trial court's ruling on a motion to suppress, appellate courts employ a bifurcated standard, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a *de novo* standard of review to pure questions of law and mixed questions that do not depend

4

on credibility determinations. *E.g., State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013).

When a trial court makes explicit fact findings, the appellate court determines whether the evidence—viewed in the light most favorable to the trial court's ruling—supports these fact findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). Whether a specific search or seizure is reasonable or supported by probable cause under the Fourth Amendment is subject to *de novo* review. *E.g., Dixon v. State*, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006).

### 1.b   Evidentiary Burdens

This Court has recently summarized the well-established burdens of proof placed on the parties at a suppression hearing—

> To suppress evidence on an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). This burden is satisfied if the defendant establishes that the search or seizure occurred without a warrant. *Id.* In the context of a blood draw, the defendant must also produce evidence to support a finding that he did not consent. *Kelly*, 204 S.W.3d at 819 n.22. Once these facts are established, the burden shifts to the State to prove the warrantless search was

5

reasonable under the totality of the circumstances. *Amador v. State,* 221 S.W.3d 666 672–73 (Tex. Crim. App. 2007). The State satisfies this burden if it proves an exception to the warrant requirement. *See Gutierrez v. State,* 221 S.W.3d 680, 685 (Tex. Crim. App. 2007).

*State v. Montes de Oca*, No. 13-14-00289-CR, 2015 WL 4504927, at *4 (Tex. App.—Corpus Christi July 23, 2015, no. pet. h.) (not designated for publication).

The automobile exception to the warrant requirement allows a police officer to conduct a warrantless search of a vehicle when the officer has probable cause to believe that the vehicle contains evidence of a crime. *Neal v. State,* 256 S.W.3d 264, 282 (Tex. Crim. App. 2008), *cert. denied,* 555 U.S. 1154 (2009). The automobile exception does not require exigent circumstances to justify such a warrantless search. *Chambers v. Maroney,* 399 U.S. 42, 48 (1970); *Neal,* 256 S.W.3d at 283.

### 1.c   Probable Cause

A police officer has probable cause to conduct a search when "the facts available to him would warrant a person of reasonable caution in the belief that contraband or evidence of a crime is present." *Florida v. Harris,*

133 S. Ct. 1050, 1055 (2013) (quotation omitted); *see also Estrada v. State,* 154 S.W.3d 604, 609 (Tex. Crim. App. 2005) ("Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found.").

Summarizing the core principles pertaining to probable cause, the Court of Criminal Appeals has written,

> Probable cause is a "fluid concept" that cannot be "readily, or even usefully, reduced to a neat set of legal rules." Though the concept evades precise definition, it involves "a reasonable ground for belief of guilt" that is "particularized with respect to the person to be searched or seized." "Probable cause" is a greater level of suspicion than "reasonable suspicion" and requires information that is more substantial in quality or content and a greater reliability with respect to the source of information. At least in the context of searches, probable cause involves "a fair probability that contraband or evidence of a crime will be found." Probable cause is a relatively high level of suspicion, though it falls far short of a preponderance of the evidence standard.

*Baldwin v. State,* 278 S.W.3d 367, 371 (Tex. Crim. App. 2009) (footnotes and citations omitted).

When determining probable cause, courts look to the totality of the circumstances. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007); *see also Florida v. Harris*, 133 S. Ct. 1050, 1055 (2013) (describing "all-things-considered approach"). The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer. *E.g., Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).

**2.  The controlling legal standards recognize that, when an officer detects the odor of marihuana emanating from a vehicle, probable cause exists to search any part of the vehicle where marihuana could be secreted, such as the trunk.**

> **2.a  The odor of marihuana emanating from a vehicle provides probable cause to search it.**
>
> [I]f Officer Obie makes a traffic stop and, when the driver rolls down his window, the redolent odor of burnt marihuana wafts out, he may well have probable cause to believe that the person (or persons) inside that small, enclosed area has been or is committing the offense of possession of marihuana. *See, e.g. Moulden v. State*, 576 S.W.2d 817, 818–20 (Tex. Crim. App. 1978) (police officers who stopped motorist and smelled odor of burnt marihuana coming from inside car had probable cause to search car).

*Parker v. State*, 206 S.W.3d 593, 597 n.11 (Tex. Crim. App. 2006); *see also Marsh v. State*, 684 S.W.2d 676, 679 (Tex. Crim. App. 1984) ("Having determined that the initial stop was proper, we find as a consequence,

8

given that deputy Lee detected the odor of marihuana coming from the

pickup, that the search was also proper.").

> [T]he odor of marijuana alone is sufficient to constitute probable cause to *search a defendant's person*, vehicle, or objects within the vehicle.

*Jordan v. State*, 394 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2012, pet.

ref'd) (quotations omitted; emphasis in original).

### 2.b Probable to search a vehicle for marihuana provides probable cause to search its trunk.

> The scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.

*United States v. Ross*, 456 U.S. 798, 824 (1982), *cited with approval in Osban v.*

*State*, 726 S.W.2d 107, 110-11 (Tex. Crim. App. 1986) (en banc), *overruled on*

*other grounds by Heitman v. State*, 815 S.W.2d 681, 690 (Tex. Crim. App.

1991).

> Police officers have the right to search an entire vehicle when they have probable cause to believe there is contraband in the vehicle but do not know where it is located. The knowledge of the contraband constitutes an "exigent circumstance" under the "automobile exception" to the warrant requirement. *United*

*States v. Ross*, 456 U.S. 798, 804–826, 102 S.Ct. 2157, 2162–2173, 72 L.Ed.2d 572 (1982); *Harper v. State*, 704 S.W.2d 546, 548 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd).

*Herring v. State*, 758 S.W.2d 849, 853 (Tex. App.—Corpus Christi 1988, pet. ref'd).

Once probable cause exists to believe that contraband is contained in a vehicle, police are entitled to conduct a warrantless search of the vehicle as thorough as one authorized by a warrant issued by a magistrate. Every part of a vehicle where contraband might be stored can be inspected. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Under *Ross*, Officer Spencer was justified in searching the automobile's trunk and the pillow case therein, and in seizing the marihuana.

*Villarreal v. State*, 703 S.W.2d 301, 305 (Tex. App.—Corpus Christi 1985, no pet.); *see also Garza v. State*, No. 13-05-374-CR, 2006 WL 3375333, at *6 (Tex. App.—Corpus Christi Nov. 22, 2006, pet. ref'd) ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."; not designated for publication).

These facts [including the odor of marijuana] accorded the troopers probable cause to believe that the marihuana offered would be found in appellant's vehicle. The probable cause justified the search of every part of the vehicle that might

10

conceal the marihuana. *United States v. Ross*, 456 U.S. at 825, 102 S.Ct. at 2173. It is, of course, not uncommon for the search to reveal marihuana secreted in the trunk of the vehicle. *See, e.g., United States v. Ogden,* 572 F.2d 501, 502 (5th Cir.), *cert. denied,* 439 U.S. 979, 99 S.Ct. 564, 58 L.Ed.2d 650 (1978).

*Levine v. State*, 794 S.W.2d 451, 453-54 (Tex. App.—Amarillo 1990, pet. ref'd); *see also Rocha v. State*, 464 S.W.3d 410, 418 (Tex. App.—Houston [1st Dist.] 2015, pet ref'd) ("When Officer Cruz smelled an odor of marijuana, he had probable cause to search the car and its occupants.").

**3. The trial court ignored controlling Texas law by concluding that the "strong odor" of marihuana failed to provide probable cause to search the trunk of Lindsey's vehicle.**

The trial court explicitly found, as Officer Ortiz testified, that "Ortiz could smell a strong odor of marijuana emitting from the vehicles [one of which was Lindsey's]." CR 71 (#5); RR 11, 14-16, 23-26, 41, 43-44, 49-50. Under this finding of fact and the myriad of controlling authorities cited immediately above, Officer Ortiz had probable cause to search Lindsey's vehicle for marihuana and every part of the vehicle where marihuana might be found, including the trunk. The trial court's contrary conclusion

11

conflicts with opinions of this Court and its sister courts of appeals, the Texas Court of Criminal Appeals, and the United States Supreme Court.

## PRAYER

For these reasons, the State requests that the Court reverse the trial court's order that granted, in part, Defendant's motion to suppress, remand for further proceedings, and grant the State all other proper relief.

Respectfully Submitted,

/s/ A. Cliff Gordon
A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

## CERTIFICATE OF COMPLIANCE

According to the word count of the computer program used to prepare this document, it contains 3,335 words.

12

## CERTIFICATE OF SERVICE

On September 16, 2015, a true copy of the foregoing was served via eServe on the following:

Ms. Celina Lopez Leon
Law Office of Scott Ellison, PLLC
410 Peoples St.
Corpus Christi, TX 78401-2318
361.887.7600 phone
361.882.4728 fax
celinamarielopez@gmail.com
Appellate Counsel for Appellee

/s/ A. Cliff Gordon
A. Cliff Gordon

13